**KJAR et al. v. UNITED STATES.**

No. 46067.

Court of Claims.

Feb. 3, 1947.

Andrew Kjar, in pro. per.

Joseph H. Sheppard, of Washington, D. C., and Douglas W. McGregor, Asst. Atty. Gen. (J. Louis Monarch and Andrew D. Sharpe, both of Washington, D. C., on the brief), for defendant.

Before WHALEY, Chief Justice, and LITTLETON, WHITAKER, JONES, and MADDEN, Judges.

WHITAKER, Judge.

Plaintiffs, Andrew Kjar and wife, Katherine D. Kjar, sue the United States to recover income taxes and penalties alleged to have been erroneously assessed and collected for the years 1928–1930, both inclusive. Andrew Kjar also sues to recover income taxes alleged to have been erroneously assessed against him alone for the years 1931 and 1932. They also sue because they say their property was seized and sold under allegedly erroneous assessments of taxes and sold for a price much less than their true value.

Ester Harley Sharon sues because she says her property was levied on and sold as the transferee of the Kjars in order to satisfy the allegedly erroneous assessments, that she was not liable as transferee, and that her property was sold for much less than its true value.

Plaintiffs were represented by Andrew Kjar in person. The petition is vague and uncertain, but the foregoing seems to be the basis of plaintiffs' claim.

The defendant has filed a counterclaim seeking to recover taxes and customs duties on the importation of distilled spirits during the years 1928–1932, both inclusive, and their diversion for beverage purposes.

Andrew Kjar and his wife failed to file income tax returns for the years 1928 to 1932, both inclusive. Acting under the authority of section 3176 of the Revised Statutes the Collector of Internal Revenue prepared for them returns for the years, 1928, 1929 and 1930, and asserted against them a total of $57,165.95 in taxes, and $43,474.48 as penalties. He also asserted against Andrew Kjar alone deficiencies in taxes for the years 1931 and 1932 in the amount of $27,539.84, and penalties for those years of $19,654.91. Jeopardy assessments of these taxes and penalties were made in March 1939. Susequently, distraint warrants were issued and were levied on the properties of these plaintiffs, and their properties were sold in part satisfaction of the foregoing assessments of taxes and penalties.

In addition, the Commissioner made jeopardy assessments against plaintiff, Ester Harley Sharon, as the transferee of the Kjars, for the amount of the taxes and penalties assessed against Andrew Kjar and his wife for the years 1928, 1929 and 1930, and subsequently property belonging to her was seized under distraint warrants and sold at public auction for the total sum of $4,430.

All three of these taxpayers filed an appeal to the Board of Tax Appeals from the assessment of these taxes and penalties. The Board found that Ester Harley Sharon was not liable as a transferee for the income taxes assessed against her, and it found that neither Andrew Kjar nor his wife was liable for income taxes for the years 1929, 1931 and 1932, and that they had overpaid their taxes for the years 1928 and 1930 in the amount of $16,025.59.

The amount realized from the sale of the property of Ester Harley Sharon was refunded to her with interest in the total amount of $5,394.75. Checks were issued in favor of Andrew Kjar and his wife for the amount of the overpayments found by the Board. These checks, however, were not delivered to Kjar and his wife, but the amount of them was credited by the Collector against distilled spirits taxes assessed against Andrew Kjar for the years 1928 to 1932, both inclusive.

From the foregoing recital it is apparent that Ester Harley Sharon has no cause of action against the defendant, since the amount realized from the wrongful sale of her property has been refunded to her, unless her property was sold for an inadequate price and this court has jurisdiction to render judgment on account thereof. However, we do not need to determine whether or not we have such jurisdiction because there is no proof in the record as to the value of her property which was sold. She is not entitled to recover.

The credit of the overpayment of income taxes for the years 1928 and 1930 against the distilled spirits tax assessed against Andrew Kjar was correct, since there is no proof to show that these assessments were erroneous. It is true the Commissioner of this court finds only that "substantial quantities of whisky" were imported by Kjar in 1928 and 1930, and that he does not find the amount of the importations; however, the assessment of the Commissioner of Internal Revenue is presumptively correct; that is to say, the burden is on the plaintiff, Andrew Kjar, to show that it is incorrect, and this the plaintiff has wholly failed to do.

We are not unmindful of the fact that the Board of Tax Appeals found that during the year 1928 Kjar had imported only 2,566 cases of liquor (approximately 7,143 gallons), whereas the assessment of the Commissioner of Internal Revenue is based upon the importation of 16,800 gallons from June 1928 to January 1929. It is also true that the Board found that Kjar imported during the year 1930, 750 cases (approximately 2,250 gallons), and that for the years 1929, 1931 and 1932 he had not realized sufficient income to subject him to income tax liability for those years; whereas the Commissioner of Internal Revenue found that during the years 1929 to 1932 he had imported 92,153 gallons.

However, we do not think that in this proceeding the Government is estopped by the judgment of the Board of Tax Appeals. The issue before the Board was the income realized by the taxpayers in these years. This was determined by it upon the basis of the amount of liquor sold by them and the cost to them of the liquor sold. However, the distilled spirits tax levied by section 900 of the Revenue Act of 1926, 26 U.S.C.A. Int.Rev.Acts, page 302, was levied on distilled spirits then in bond "or that have been or that may be hereafter produced in or imported into the United States." Liquor could be produced in or imported into the United States without subjecting the producer or the importer to income tax liability and, therefore, the amount of liquor imported or produced by the taxpayer was not at issue in the proceeding before the Board. In a subsequent proceeding between the same parties on a different cause of action they are estopped to dispute only those facts determined in a previous proceeding which were material to the determination of the issues presented therein. Cromwell v. County of Sac, 94 U.S. 351, 24 L.Ed. 195; Southern Pacific Railroad Co. v. United States, 168 U.S. 1, 18 S.Ct. 18, 42 L.Ed. 355; Tait v. Western Maryland Railway Co., 289 U.S. 620, 53 S. Ct. 706, 77 L.Ed. 1405. Since in the issue before the Board of Tax Appeals it was not necessary for that Board to determine the amount of liquor produced or imported in the years in question, its finding on that fact does not estop the parties in this proceeding.

Moreover, we do not think that this finding of the Board of Tax Appeals overcomes the presumptive correctness of the finding of the Commissioner of Internal Revenue, for the same reason. Since it was not necessary for the Board to determine the amount of liquor produced or imported by the taxpayer, it is not to be presumed that the Board gave careful consideration to a determination of this fact,

and for this reason we cannot say that its determination of this fact is sufficient to overcome the presumptive correctness of the determination of the Commissioner of Internal Revenue, who was compelled to make a determination of this fact as accurately as possible in order to correctly assess these taxes.

■ It is also true that the checks for the overpayment of income taxes for the years 1928 and 1930 were issued in favor of Andrew Kjar and his wife Katherine D. Kjar, and that the full amount of them was credited to distilled spirits taxes which had not been assessed against Mrs. Kjar, but against her husband and other individuals associated with him. Notwithstanding this, however, Mrs. Kjar has not shown the amount of this overpayment to which she may be entitled and, therefore, for the want of proof her claim cannot be sustained.

■ The defendant in its counterclaim seeks to recover distilled spirit taxes of $6.40 a gallon, on the theory that these distilled spirits were diverted to beverage purposes, and it also seeks to recover customs duties of $5.00 a gallon on these distilled spirits, on the theory that they were smuggled into the United States without the payment of the customs duties due thereon. The defendant is not entitled to recover these amounts. It is true the assessment list on which these taxes were assessed shows that the assessment was made on "D S importation and diversion," or a similar expression. However, the tax assessed by the Commissioner was not that which should have been assessed on distilled spirits imported and diverted for beverage purposes. The assessment was of the non-beverage tax of $1.10 a gallon. The Commissioner of Internal Revenue was evidently of the opinion that there was insufficient basis for the assessment of the tax on liquors diverted for beverage purposes. At any rate, the assessment of the tax of $1.10 and his finding that the liquors were imported and diverted is contradictory and, hence, forms no basis for the rendition of a judgment by this court. McClure v. United States, 48 F.Supp. 531, 98 Ct.Cl. 381, 391.

The defendant is entitled to a judgment for the non-beverage tax, less the amount of the credit for overpayment of income taxes to which the plaintiffs Andrew Kjar and Katherine D. Kjar are entitled, which amount is $100,685.11, plus interest as allowed by law. Judgment for this amount will be entered in favor of the defendant against the plaintiff Andrew Kjar. Plaintiffs' petition will be dismissed. It is so ordered.

MADDEN, JONES, and LITTLETON, Judges, concur.

WHALEY, Chief Justice, took no part in the decision of this case.