**KJAR et al. v. UNITED STATES.**

No. 12939.

United States Court of Appeals
Fifth Circuit.

Nov. 4, 1949.

Rehearing Denied Dec. 10, 1949.

Andrew Kjar, in pro. per.

Abbott M. Sellers and Ellis N. Slack, Sp. Assts. to Atty. Gen., Homer K. Miller, HenryWalshington, D. C., Theron Lamar Caudle, Asst. Atty. Gen., Henry H. Durrence, Asst. U. S. Atty., Savannah, Ga., for appellee.

Before HUTCHESON, McCORD, and SIBLEY, Circuit Judges.

SIBLEY, Circuit Judge.

The appeal is from a judgment in the District Court dismissing the complaint of appellants in its entirety, the judgment referring to Kjar v. U. S., 69 F.Supp. 406, 108 Ct.Cl. 119, certiorari denied 332 U.S. 768, 68 S.Ct. 79, 92 L.Ed. 353, as the ground of dismissal. The motion to dismiss was based on non-compliance with the Federal Rules of Civil Procedure, Rule 12(f) and Rule 10(b), 28 U.S.C.A. The hearing, however, got around to the question whether the cited judgment of the Court of Claims, admittedly covering the same disputes as to income and liquor taxes, and sought to be attacked and "cancelled" by this complaint, is not binding and conclusive, the District Court having no power to set it aside and retry any of the issues settled by it.

Both in the Court of Claims and in the District Court, though the litigation involved many thousands of dollars, the Kjars had no lawyer, but Mr. Kjar acted throughout for himself and wife, as he has in this court, though admitting that he is not a member of the bar of any court, nor educated in law. The District Judge suggested, indeed insisted, that he get the assistance of a lawyer, but the suggestion was declined. This has resulted in great embarrassment in the District Court, and here, in trying to understand the contentions made and the relief sought. There is no compliance whatever with the rules of pleading, but non-compliance might have been remedied by amendment. It is impossible to tell from the complaint what the case sought to be made is. After dismissal and appeal taken, Kjar sought to specify in his designation of record to be certified by the Clerk a number of documents including some of the record in the Court of Claims, and in his assignment of error he elaborated his contentions. The United States resisted the inclusion in the record of the documents which were no part of the complaint, but the judge after argument ordered that Kjar have 15 days to file the documents with the Clerk and that such as he filed be certified up. Later he ordered them sent up as "original Exhibits". We have them as such. A lawyer would have amended the complaint by alleging their substance and attaching them as exhibits, and we take it that the District Judge intended them to be so treated. We therefore pass upon the case in the light they afford, substituting what they show for the vague and indefinite allusions and scurrilous conclusions of the complaint. The fact findings of the Court of Claims filed Feb. 3, 1947, are thus made available.

We understand that the litigation began before the Board of Tax Appeals over income taxes for the years 1928 to 1932, in which gains arising from sales of distilled spirits figured. The Board's decision was that the Kjars had overpaid their income taxes by $16,025.59. Refund checks were issued, but were not paid because there had been assessed in 1935 and 1939 certain taxes on distilled spirits in a much larger sum. To enforce collection of the latter the principal wealth of appellants, being stocks and bonds, was seized in 1940 in the hands of their brokers in New York, some sold, and some still held by the Collector. After failure of an effort at compromise, the Kjars filed, probably about 1945, a suit in the Court of Claims against the United States to enforce their adjudged refund of income taxes of $16,025.59. The United States did not dispute this claim, but pleaded as a counterclaim the liquor taxes assessed in Feb. 1935, $18,450, subject to a credit of $2598.60, leaving $15,881.40; and those assessed in April, 1939, $41,049.80, $3,067.00, and $36,712.50, each on a specified number of gallons at $1.10 per gallon and under Sect. 900, R.A.1926 (meaning Revenue Act of 1926). In the fact findings of the Court of Claims it appears that the assessments were in the amounts and on the number of gallons stated, but in the "Character of Tax and Period Covered" column they are stated to be for D.S. (meaning distilled spirits) imported and diverted, except the last which reads "for DS Dvt. and illegal importation (fraud)". The first assessment was against several persons besides Kjar, including "Thompson, Mrs. H. L. 1018 Seiler Ave." None were against Mrs. Kjar. The credit of $2598.60 on the first which the counterclaim admitted, it is found came from "Mrs. H. L. Thompson in compromise of her distilled spirits liability", the balance of $15,-881.40 assessed in 1935 being still unsatis-

fied. The documents sent up with this appeal show that on Aug. 1, 1938, Mrs. Thompson offered $5,000 in compromise of an assessment of $18,480. (apparently the same as that made against her, Kjar and others in 1935), and of another assessment of $17,077.50, which offer was approved Aug. 3, 1938, by the Attorney-General. Apparently the $5,000 paid by Mrs. Thompson was prorated between the two assessments against her. The Collector at Atlanta marked the assessment in which Kjar was also involved as cancelled, but the Government was claiming that the compromise was only of Mrs. Thompson's liability, and the Court of Claims so decided. Kjar's present contention that the entire assessment was satisfied was thus clearly before the Court of Claims, and decided adversely.

■ His next great contention, made in a motion in the District Court after dismissal, and sent up as an original exhibit though not marked filed, is that the Court of Claims judgment according to its filed opinion, was *in favor* of the Kjars for more than $106,685.11 overpaid taxes, instead of *against* Kjar, and that the judgment recorded in the District Court under 28 U.S. C.A. § 252, (before the revision of Title 28[1]), is plainly wrong. Appellants' brief here makes this same contention. Appellants wholly misunderstood the opinion and judgment. The Court of Claims allowed as a credit on the liquor taxes the refund on income taxes fixed by the Board of Tax Appeals and in addition what was paid by Mrs. Thompson, and its original judgment of $100,685.11 was for the *difference* between the aggregate of the liquor tax assessments and these credits, and was expressly *against* Kjar and not *for him*. Moreover he and his wife moved for a reconsideration of this judgment. The Court of Claims reconsidered it, acknowledged that it had been misled by its commissioner's mistaken report in one respect, and although the Kjars had filed no exceptions to the report, because they had no lawyer, it was reexamined, and correction made, the result of which was that Mrs. Kjar was found to have suffered a loss of $6,000 from proceeds of her property which had been applied to the liquor assessments against Kjar only, and that she was entitled to recover back from the United States $6,000 for which she was given judgment; and by consequence Kjar owed $106,685.11, which is the judgment finally rendered. Kjar alleges that he had filed exceptions and the court lost or suppressed them, and he makes some ugly inferences; but he had opportunity to file them again if any related to other matters than those reconsidered by the court. And the Court of Claims is the proper tribunal to investigate and reestablish, if need be, anything lost or destroyed from its own records.

It is also insisted that the assessments related only to taxes for illegal importation and diversion to beverage purposes of distilled liquors, and that the Court of Claims had "invented" a new tax without any trial about it, and sustained the assessments in an unlawful manner without notice to the Kjars. There is nothing to this. The counterclaim of the United States expressly referred to the Revenue Act of 1926, Sect. 900, as the basis of the assessments. As amended by the Act of 1934, this Section can be found in 26 U.S.C.A. Internal Revenue Acts, page 302. By it, between Jan. 1, 1928, and the effective date of Title 1 of the Liquor Taxing Act of 1934, a period which includes all the dates named in the assessments in controversy, the tax on distilled spirits in bond or produced in or imported into the United States was fixed at $1.10 per gallon, but if diverted to beverage purposes or for use in manufacturing beverages, the tax was $6.40 per gallon subject to credit for taxes paid at a less rate. The Court of Claims held that the assessments of $1.10 per gallon were at the minimum rate for spirits that had not been diverted for beverage purposes, and that the mention in them of diversion was not consistent with the rate of assessments, and they would be construed as "non beverage" assessments. This was in favor of the taxpayer. As to the number of gallons involved, the court held the Board of Tax Appeals had found only the number of gallons which were sold at a profit and produced income, and had

---

1. 1948 Revised Judicial Code, 28 U.S.C.A. § 2508.

not found the whole number produced or imported; and that the number fixed by the assessments was presumptively correct and there was no proof of incorrectness. These rulings are apparently correct.

There is a vague contention that the assessments were partly based on false manifests of importation, the falsity having since been discovered. The evidence of falsity ought to have been presented to the Court of Claims. If discovered since that Court's judgment, it may be that that Court had power to grant a new trial for newly discovered evidence, as to which we express no opinion. We are satisfied that the District Court in Georgia has no power to set aside or to correct a judgment of the Court of Claims though recorded in Georgia. The old Judicial Code, § 179, 28 U.S. C.A. § 286, of force in 1947 when the Court of Claims rendered its final judgment, makes the judgment a bar to any further claims against the United States arising out of the matters involved in the controversy. Section 2519 of the Revised Title 28, which is now in force, is to the same effect. This would settle the matter even if we thought the judgment of the Court of Claims wrong. On the whole record as presented to us, it seems to be right. In any view of it the District Court did not err in dismissing the complaint.

Judgment affirmed.