Jerome H. MOORE and Mildred V. Moore, Plaintiffs,

v.

UNITED STATES of America, Defendant.

Civ. A. No. 1274(R).

United States District Court
W. D. Virginia,
Charlottesville Division.

Aug. 7, 1964.

Robert M. Musselman, William S. Aaron, Jr., James H. Michael, Jr., Charlottesville, Va., for plaintiffs.

Thomas B. Mason, U. S. Atty., Roanoke, Va., Leonard Tatar, U. S. Department of Justice, Washington, D. C., for defendant.

MICHIE, District Judge.

This is an action by the plaintiff taxpayers for the refund of what they allege were certain overpayments of federal income taxes made by them for the calendar years 1955–1958. The government has counterclaimed alleging fraud under 26 U.S.C. § 6653(b) and praying for payment of all unpaid taxes and interest plus the 50% penalty for fraud allowed under § 6653(b).

 Both sides are relying on what they consider the favorable effect on this case of a previous criminal conviction of Mr. Moore under 26 U.S.C. § 7201.[1]

The plaintiffs allege that a stipulation of the amount of their taxable income for the years in question entered into by the parties in the criminal action is binding on the parties for all purposes, and they compute their claim for refund from the amount of taxable income stipulated in the former suit. The government, of course, contends that the stipulation related only to the criminal action and cannot be used collaterally to estop[2] the offering of proof in this civil suit of an amount of taxable income considerably higher than the amount stipulated in the former adjudication. In addition the government in its counterclaim in this action contends that the criminal conviction under 26 U.S.C. § 7201 conclusively establishes the existence of fraud within the meaning of 26 U.S.C. § 6653(b)[3] and collaterally estops the plaintiffs from offering proof on the fraud issue. The plaintiffs of course deny that the criminal conviction has any such legal effect.

Both parties rely so heavily on their respective collateral estoppel arguments that they are willing to stand or fall on them and have agreed not to introduce any further evidence on the points at issue.[4]

1. "Any person who willfully attempts in any manner to evade or defeat any tax imposed by this title or the payment thereof shall, in addition to other penalties provided by law, be guilty of a felony and, upon conviction thereof, shall be fined not more than $10,000, or imprisoned not more than 5 years, or both, together with the costs of prosecution."

2. Since the causes of action in the two suits are wholly different, the doctrine of collateral estoppel (sometimes called estoppel by judgment or estoppel by verdict) is the proper vehicle for the relief sought by both parties rather than classic res adjudicata which applies only to cases in which the causes of action are identical. Commissioner of Internal Revenue v. Sunnen, 333 U.S. 591, 598, 68 S.Ct. 715, 92 L.Ed. 898 (1947); Scott, Collateral Estoppel by Judgment, 56 Harv.L.Rev. 1 (1942).

3. "(b) Fraud.—If any part of any underpayment (as defined in subsection (c)) of tax required to be shown on a re-

turn is due to fraud, there shall be added to the tax an amount equal to 50 percent of the underpayment."

4. At page 1 of the plaintiffs' brief the following statement appears: "At the hearing the parties will designate for admission into evidence certain material to constitute the record. No other evidence is to be introduced."

At page 8 of the government's brief the following footnote is found: "This case is being submitted to the Court by submission of briefs and argument. The principal documents relevant to the issues involved are attached to the Complaint and Counterclaim. In addition, the parties have agreed that the transcript of the prior criminal case may be referred to by either party. A brief stipulation of facts has been agreed upon, and is attached hereto as Appendix A, infra. The parties do not intend to call any witnesses. Rather, each party will rely upon the material referred to in this footnote."

Before entering into a detailed discussion of the two issues in this case I must note that the former adjudication upon which both sides rely as the source of collateral estoppel was a criminal prosecution of Mr. Jerome Moore *only*. His wife Mildred was not a party to that prosecution and it is difficult for me to see how she could be collaterally estopped from defending herself against a charge of fraud by a former suit to which she was not even a party. I likewise believe that since she did not enter into, and was therefore not bound by, the stipulation in the former suit the doctrine of mutuality should relieve the government from being held to its stipulation as to her, even if it were proper to hold the government to its stipulation as to Mr. Moore. Elder v. New York & Pa. Motor Express, Inc., 284 N.Y. 350, 31 N.E.2d 188 (1940). However, there is authority which indicates that Mrs. Moore should be bound by the prior adjudication because she filed a joint return with her husband. See Ginsberg's Estate v. Commissioner of Internal Revenue, 271 F.2d 511 (5th Cir. 1959); Boyett v. Commissioner of Internal Revenue, 204 F.2d 205, 209 (5th Cir. 1953); 26 U.S.C. § 6013(d) (3). I do not give this matter any more serious consideration because in my view the doctrine of collateral estoppel would not be properly applicable to either of the issues in this case, even if the parties in both suits were the same. I reach this conclusion for the following reasons:

1) *The stipulation issue.* Both parties to this suit have agreed that a proper definition of collateral estoppel can be found at p. 601 of Commissioner of Internal Revenue v. Sunnen, 333 U.S.

591, 68 S.Ct. 715 at p. 721 (1947), where the court states:

> " \* \* \* where a question of fact *essential to the judgment* is *actually litigated* and determined in the first tax proceeding, the parties are bound in a subsequent proceeding even though the cause of action is different." (Emphasis added)

On the question of whether a factual issue is "actually litigated" when the parties to a lawsuit enter into a stipulation as to its truth there seems to be no clear cut authority. The Restatement of Judgments, § 68 Comment h, indicates the difficulty of this question:

> "*Effect of stipulation.* If a question of fact is put in issue by the pleadings, and the parties enter into a stipulation as to the truth of the fact, *it is a question of the interpretation of the stipulation* whether it is binding on the parties only with reference to the particular cause of action sued upon, or whether it is binding in subsequent actions between them based upon different causes of action." (Emphasis added.)

In interpreting this particular stipulation the plaintiffs contend that its language [5] is completely unqualified and was not meant to be limited to the criminal case but was simply an "agreed statement of facts." The government emphasizes the phrase "as evidence in this case" and points to remarks of Judge Dalton which the government contends demonstrate that the stipulation was not viewed by the trial judge as representing a final and complete computation of the plaintiffs' net taxable income.[6] This

---

5. The pertinent part of the stipulation reads: "The undersigned \* \* \* [counsel for the government and Mr. Moore] in the above styled case now pending in the United States District Court for the Western District of Virginia, Roanoke Division, do hereby tender the following stipulation of facts and move this Honorable Court that *the same be accepted as agreed statement of fact and as evidence in this case.*" (Em-

phasis added.) There follows a listing of Mr. and Mrs. Moore's net taxable income for the years in question.

6. Judge Dalton stated at p. 76 of the criminal transcript that "Another condition of the probation is that you, as soon as the computations are made, pay all taxes and assessments and penalties that the government may find to be due by you." He made other remarks in the

problem would not have arisen had the stipulation contained express and unequivocal words of limitation. However, in my opinion the most that can be said for the language of the stipulation is that it is ambiguous regarding the limitations to be put on its use. And were it necessary for me to base my decision on a resolution of this ambiguity I would be hard put to decide the issue.

 Fortunately, however, even assuming that the stipulation was "actually litigated", the requirement that the issue in the former suit must have been "essential to the judgment" clearly defeats the plaintiffs' contention regarding this issue. For a conviction under 26 U.S.C. § 7201 does not require the proving of any definite sum of taxable income beyond a substantial amount. In drawing up the stipulation of taxable income it is conceded by both sides that the government purposely included *only* income items which were allegedly completely omitted from the taxpayers' original returns.[7] The government did not in the criminal case stipulation, as it has in the deficiency assessments in this case, increase the taxpayers' net taxable income by restoring to it certain allegedly nonallowable deductions, by treating certain income as ordinary income instead of capital gain or by charging to income certain claimed credits of interest.[8] And the reason for those omissions is clear: It was the opinion of the government that total omission by the taxpayers of certain items of their income tended to demonstrate more convincingly that Mr. Moore had "willfully attempt[ed] * * to evade or defeat" the payment of his income tax than the other items which might have been considered honest mistakes. And since the totally omitted items aggregated a substantial sum, which is all that is required for con-

viction under § 7201, there was no good reason for the government to add the other items where the element of "willfulness" would be more difficult to prove beyond a reasonable doubt.

As stated in the Restatement of Judgments, § 68, Comment o, "Where the jury or the court makes findings of fact but the judgment is not dependent upon these findings, they are not conclusive between the parties in a subsequent action based upon a different cause of action." A particular precise amount of taxable income for the years in question was not an essential element in the criminal conviction of Mr. Moore. Proving any substantial amount would have been sufficient for conviction when coupled with the willful evasion element of § 7201. For this reason I believe the government should not be bound by the stipulation. See also Kjar v. United States, 108 Ct.Cl. 119, 69 F.Supp. 406 (1947); Cambria v. Jeffery, 307 Mass. 49, 29 N.E.2d 555 (1940).

 Additionally it appears to me that even if one accepts the plaintiffs' position that the finding of the exact amount of the taxpayers' taxable income was necessary for a conviction under § 7201, that finding could only be considered a mediate or evidentiary finding since the court or jury would then have to determine if that exact amount was substantial enough under the existing circumstances to meet the requirements for conviction under § 7201. And of course the finding of such mediate or evidentiary facts does not bar reconsideration of them in a subsequent suit. Hyman v. Regenstein, 258 F.2d 502 (5th Cir. 1958); Evergreens v. Nunan, 141 F.2d 927 (2d Cir. 1944); Restatement, Judgments § 68, Comment p. (Supp. 1948).

same vein at other points during the trial. See p. 78 of the criminal transcript.

7. These stipulated amounts were:

| | |
|---|---|
| 1955 | $21,527.35 |
| 1956 | 26,749.36 |
| 1957 | 26,250.01 |
| 1958 | 36,212.81 |

8. The amounts of taxable income alleged by the government in this case are:

| | |
|---|---|
| 1955 | $23,933.61 |
| 1956 | 35,316.44 |
| 1957 | 40,586.77 |
| 1958 | 42,164.27 |

For the foregoing reasons I must conclude that the government is not collaterally estopped from offering proof in this action of the plaintiffs' taxable income for the years in question.

2) *The fraud issue.* In United States v. Scharton, 285 U.S. 518, 52 S.Ct. 416, 76 L.Ed. 917 (1932), the taxpayer was indicted under an identically worded predecessor of 26 U.S.C. § 7201 more than three years after the alleged offense occurred. At that time the applicable statute of limitations barred all prosecutions under the internal revenue laws brought more than three years after the alleged offense, "[p]rovided, That for offenses involving the defrauding or attempting to defraud the United States * * * in any manner, the period of limitation shall be six years * * *." See 285 U.S. at 520, 52 S.Ct. at 417. The government argued in that case, just as it does here, that " '[e]vasion' implies avoidance by device or strategy or concealment where good faith requires disclosure * * * and 'intent to defeat' is equivalent to 'intent to defraud' " and stated further that "[t]he courts have continuously treated any attempt to evade or defeat a tax as an offense involving fraud." See 285 U.S. at 519, 52 S.Ct. at 416.

However, the Supreme Court rejected the government's contention and held that the prosecution was barred by the three year statute of limitations because it did not necessarily involve fraud. At 285 U.S. 521, at 52 S.Ct. 417 the court stated:

> "There are, however, numerous statutes expressly making intent to defraud an element of a specified offense against the revenue laws. Under these, an indictment failing to aver that intent would be defective; *but under section 1114(b)* [predecessor of § 7201] *such an averment would be surplusage, for it would be sufficient to plead and prove a willful attempt to evade or defeat.*" (Bracketed material and emphasis added.)

In reaching this conclusion the Court in Scharton put some emphasis on the need to construe the excepting clause of the statute of limitations narrowly. However, this emphasis provides no distinction from the case at bar since there is at least an equal need to interpret the doctrine of collateral estoppel narrowly to protect a litigant from being unfairly foreclosed from presenting proof on an issue which affects his rights. Therefore it appears to me that the Scharton case represents a holding precisely on the point at issue in this case.

Moreover, the Tax Court has refused to apply the doctrine of collateral estoppel in the same circumstances as this case presents. Safra v. Commissioner, 30 T.C. 1026 (1958). The government attempts to discredit the Tax Court's holding by arguing that it erroneously relies on Helvering v. Mitchell, 303 U.S. 391, 58 S.Ct. 630, 82 L.Ed. 917 (1938), which held that a civil action brought by the government to recover the 50% fraud penalty was not barred by acquittal in a criminal prosecution for a willful attempt to evade or defeat payment of taxes because the burden of proof was lighter in the civil action and no double jeopardy was involved. While it may be true that the Court did not rest its decision on the different elements in the statutes, the difference was nonetheless pointed up in the opinion at p. 398, 58 S.Ct. at p. 632 and the Scharton case was cited therein. Such reference can only be taken as indications of the Supreme Court's approval of the Scharton analysis. And such approval does justify the Tax Court's holding in Safra v. Commissioner, supra.

In the face of the impressive authority cited above, only one case directly supports the government's position. Tomlinson v. Lefkowitz (Lefkowitz v. Tomlinson), 334 F.2d 262, decided by the Fifth Circuit Court of Appeals on July 13, 1964 (the decision below will be found in 11 A.F.T.R.2d 617 (1962)), holds that a criminal conviction under the 1939 Code predecessor of § 7201 collaterally estopped the taxpayers from litigating the fraud issue in a civil prosecution based on the predecessor of § 6653(b). The

'Lefkowitz opinion attempts to distinguish Scharton v. United States, supra, on the grounds, mentioned and rejected above, that the court in Scharton held that the statute there involved was to be strictly construed. And the cases relied on in Lefkowitz do not deal with the statutes involved in this case. Indeed in two of the three cases upon which the Lefkowitz decision rests the criminal and civil statutes were identically worded, thus completely eliminating the problem involved in Lefkowitz and the case at bar. See United States v. Salvatore, 140 F.Supp. 470 (E.D.Pa. 1956) and Local 167 of International Brotherhood of Teamsters etc. v. United States, 291 U.S. 293, 54 S.Ct. 396, 78 L.Ed. 804 (1933). And the third case, O'Neill v. United States, 198 F.Supp. 367 (E.D.N.Y.1961), involved the dismissal of a suit for refund of the cost of an occupational stamp tax imposed on persons engaged in the business of accepting wagers based on the plaintiff's prior criminal conviction of accepting wagers, clearly a very different situation from the one at bar. I am therefore of the opinion that the Scharton case is much more closely in point than the Lefkowitz case and I am therefore disposed to follow the former.

Nor am I persuaded by Spies v. United States, 317 U.S. 492, 63 S.Ct. 364, 87 L.Ed. 418 (1943), another case on which the government places much emphasis. That case seems to conclude that a willful commission of some kind, and not merely a willful omission, is necessary to support a conviction under the predecessor of § 7201, which is characterized as the "climax" of all the various civil and criminal sanctions against offenders of the tax laws. However, nowhere does the court expressly state that a willful commission must involve fraud. Neither does the court overrule or discredit Scharton. Therefore I conclude that the Spies case should not affect my holding in the case at bar.

Under the authority stated above, I hold that the plaintiff is not foreclosed by collateral estoppel from contesting the fraud issue raised by the government's counterclaim under 26 U.S. C. § 6653(b). Since the burden of proving fraud is on the government, United States v. Thompson, 279 F.2d 165 (10th Cir. 1960), and since the only proof to be offered is the prior criminal conviction, which I do not consider sufficient standing alone to make out a case for the government, it follows that the government's counterclaim insofar as it depends on proof of fraud must fail.

An order will be entered in accordance with this opinion.