In re Patricia Jean BERRY, aka Patricia Jean Canaday, Bankrupt.

ADULT & FAMILY SERVICES DIVISION OF the STATE OF OREGON, Plaintiff,

v.

Patricia Jean BERRY, aka Patricia Jean Canaday, Defendant.

Bankruptcy No. 78–02640.

United States Bankruptcy Court, D. Oregon.

March 11, 1980.

Kathryn V. Kelty, Asst. Atty. Gen., Salem, Or., for plaintiff.

Hector E. Smith, Eugene, Or., for defendant.

### OPINION, FINDINGS OF FACT AND CONCLUSIONS OF LAW

C. E. LUCKEY, Bankruptcy Judge.

Plaintiff seeks judgment that an obligation assertedly due it from the defendant is non-dischargeable as a result of money being obtained by false representations, and for judgment in the amount of $1,984.82. The defendant testified that payment made by her had not been considered in this sum, and the plaintiff now has revised its prayer downward to $1,638.47.

The defendant contends that by plea bargaining by an agent of the State of Oregon, the District Attorney for Linn County in which a court ordered sum of restitution was a condition of the sentence imposed in a criminal proceeding, the sum fixed became res adjudicata, that the amount required as restitution had been paid, and that judgment should be for the defendant.

Oregon statutory law is ignored by the defendant's position. Section 137.106 ORS provides:

"137.106 RESTITUTION TO VICTIMS OF CRIMES; CRITERIA; OBJECTIONS BY DEFENDANT.

"(1) When a person is convicted of criminal activities which have resulted in pecuniary damages, in addition to any other sentence it may impose, the court may order that the defendant make restitution to the victim.

"(2) In determining whether to order restitution which is complete, partial or nominal, the court shall take into account:

"(a) The financial resources of the defendant and the burden that payment of restitution will impose, with due regard to the other obligations of the defendant.

"(b) The ability of the defendant to pay restitution on an instalment basis or on other conditions to be fixed by the court; and

"(c) The rehabilitative effect on the defendant of the payment of restitution and the method of payment.

"(3) If the defendant objects to the imposition, amount or distribution of the restitution, the court shall at the time of sentencing allow him to be heard on such issue."

Such restitution does not preclude a victim of crime who has been paid court-or-

dered restitution from action to recover in a civil action and unless the conviction in a criminal trial necessarily decides the issue of liability for pecuniary damages to the victim, that issue is not conclusively determined in a subsequent civil action.

Section 137.109 ORS provides:

"137.109 EFFECT OF RESTITUTION ORDER ON OTHER REMEDIES OF VICTIM; CREDIT OF RESTITUTION AGAINST SUBSEQUENT CIVIL JUDGMENT; EFFECT OF CRIMINAL JUDGMENT ON SUBSEQUENT CIVIL ACTION.

"(1) Nothing in ORS 137.103 to 137.109, 137.540, 144.275, 161.675 and 161.685 limits or impairs the right of a person injured by a defendant's criminal activities to sue and recover damages from the defendant in a civil action. Evidence that the defendant has paid or been ordered to pay restitution pursuant to ORS 137.103 to 137.109, 137.540, 144.275, 161.-675 and 161.685 may not be introduced in any civil action arising out of the facts or events which were the basis for the restitution. However, the court shall credit any restitution paid by the defendant to a victim against any judgment in favor of the victim in such civil action.

(2) If conviction in a criminal trial necessarily decides the issue of a defendant's liability for pecuniary damages of a victim, that issue is conclusively determined as to the defendant if it is involved in a subsequent civil action."

■ The requirements of § 411.630 ORS under which the defendant was convicted involve proof of obtaining unlawfully *any* public assistance (emphasis supplied). The determination of a precise amount was not essential to the judgment of conviction.

That an agent of the State of Oregon as plaintiff, the District Attorney, was involved in the plea-bargained order of restitution does not bar the state agency, plaintiff herein, from pursuing the civil action for the fixing of the true liability.

See *Moore v. United States*, (4th Cir. 1966), 360 F.2d 353, a tax proceeding, in which the court states:

"The taxpayer, in turn, contended in the District Court that the Government itself was collaterally estopped from redetermining the amount of taxes owed for the years in question, since it had stipulated in the earlier criminal proceeding the exact amount owed. The District Judge ruled that the Government was not estopped because the determination of an exact liability was not 'essential to the judgment', a prerequisite to the application of the doctrine of collateral estoppel. *Commissioner of Internal Revenue v. Sunnen*, 333 U.S. 591, 601, 68 S.Ct. 715, 721, 92 L.Ed. 898 (1948). With this ruling we agree. As stated by the District Judge, 'a conviction under 26 U.S.C.A. § 7201 does not require the proving of any definite sum of taxable income beyond a substantial amount.' *Moore v. United States*, 235 F.Supp. 387, 391 (W.D. Va.1964). There is therefore no basis here for the application of the estoppel doctrine against the Government in respect to the amount of taxes due."

See, also, *Helvering v. Mitchell*, 303 U.S. 391, 397, 58 S.Ct. 630, 632, 82 L.Ed. 622 (1938); *Jones v. Flannigan*, 270 Or. 121, 526 P.2d 543 (1974); *Smejkal v. Rice*, 273 Or. 687, 543 P.2d 271 (1975).

■ Defendant further contends that her husband was a necessary party to the proceedings because he was a defendant also in the criminal proceedings. The defendant has made no showing to overcome the hornbook law that her obligation is a joint and several one, has not sought to implead her husband who was not before this court, and has offered no satisfactory proof nor legal support for this contention.

The Court therefore enters the following

### FINDINGS OF FACT

1. The Adult and Family Services Division is a state agency charged with the administration of the public assistance laws of this state.

2. During the period from October 1, 1975 through October 31, 1976, defendant at her special instance and request, received public assistance.

3. During the period from October 1, 1975 through October 31, 1976, defendant's husband was in the home.

4. During the period from October 1, 1975 through October 31, 1976, defendant and her husband were employed and received income from wages.

5. Defendant failed to immediately notify the Adult and Family Services Division that her husband was in the home and that she and her husband were employed and received income from wages.

6. Defendant's failure to notify the Adult and Family Services Division that her husband was in the home and that she and her husband were employed and received income from wages was a continuing false representation that there was no income available to meet the needs of her family.

7. Defendant received public assistance in the amount of $4,064.82 to which she was not entitled.

8. Defendant was convicted of the crime of unlawfully obtaining public assistance during the period from March 1976 to October 1976.

9. Defendant was placed on probation for three years and was ordered to make restitution to the Public Welfare Division in the sum of $2,500.00.

10. That the balance due the plaintiff after credit for the restitution and other payments is $1,638.47.

11. The determination of the precise amount due the plaintiff was not necessarily determined in the criminal case, and

### CONCLUSIONS OF LAW

1. Defendant's husband is not a necessary party to these proceedings.

2. That the entry of an order of restitution in criminal proceedings against the defendant did not preclude the plaintiff from a civil proceeding to recover judgment for the amount actually due.

3. The criminal proceeding is not res adjudicata of the issues in this proceeding.

4. The obligation of the defendant to the plaintiff in the amount of $1,638.47 is non-dischargeable.

5. Each party shall bear its or her own attorney fees.

A separate judgment will be entered.