**In re Earl JONES and Queen Esther Jones, Debtors.**

**MISSOURI DIVISION OF FAMILY SERVICES, Plaintiff,**

v.

**Queen Esther JONES, Defendant.**

**Bankruptcy No. 83–01426(2).**
**Adv. No. 83–0583(2).**

United States Bankruptcy Court,
E.D. Missouri, E.D.

March 7, 1984.

Leonora S. Long, St. Louis, Mo., for plaintiff.

Bernard J. Cuddihee, St. Louis, Mo., for defendant.

MEMORANDUM OPINION

DAVID P. McDONALD, Bankruptcy Judge.

Plaintiff seeks a determination that certain indebtedness owed it by Defendant is non-dischargeable under 11 U.S.C. § 523(a)(2)(B). Plaintiff, whose statutory duty it is to disburse and administer payments under the Missouri Aid to Families with Dependent Children (AFDC) program alleges that Defendant applied for and received such payments for March, April, and May of 1979 while intentionally concealing the fact that she was fully employed and receiving income from her employment during these months. Such receipt of income would have rendered her ineligible for these benefits, totaling $497.00, under Missouri law.

From the evidence adduced at trial, the Court makes the following findings of fact:

1. On January 3, 1979, the Defendant was laid off from her employment at R.L. Polk & Co. She returned to work on January 28, 1979, but quit on February 6, 1979.

2. On February 9, 1979, Defendant made a written application to the Missouri Division of Family Services for AFDC benefits. On the application, she stated that she was unemployed and that her only income was Social Security benefits in the amount of $129.40 per month. As part of this application, Defendant signed a document acknowledging that the provisions of section 205.967, R.S.Mo., had been explained to her. A portion of this statute requires AFDC recipients to report changes in income or employment status to the Division of Family Services.

3. On February 12, 1979, Defendant commenced working for the local U.S. Army Records Center on a full time basis.

4. On February 26, 1979, a Social Worker from the Missouri Division of Family Services conducted a home visit with Defendant. During the course of the visit, Defendant completed an application for benefits under the Food Stamp program. Again, no mention was made of her employment and the income therefrom.

5. Defendant's application for AFDC benefits was approved in the amount of $166 per month. Defendant first received these benefits in March, 1979.

6. Defendant's employment with the local U.S. Army Records Center continued until May 17, 1979. She received AFDC benefits during the months of April and May, 1979, as well as thereafter.

7. Subsequently, employees of the Missouri Division of Family Services discovered the fact of Defendant's employment at the U.S. Army Records Center. They confronted Defendant with the knowledge and, on June 9, 1982, she executed a non-interest bearing promissory note in the amount of $497.00.

8. Defendant made no payments on this indebtedness. On August 18, 1983, she filed a petition for relief under Chapter 7 of the Bankruptcy Code.

CONCLUSIONS

Plaintiff contends that Defendant's written statement of unemployment, first made on February 9, 1979, was materially false, was made with the intent to deceive its employees in their decision whether to grant Defendant AFDC benefits, and that its employees reasonably relied on this written statement in granting such benefits to Defendant. Thus, Plaintiff asserts that the reimbursement Defendant owes it for payments to Defendant for March, April, and May of 1979 are non-dischargeable under 11 U.S.C. § 523(a)(2)(B).

After considering the evidence and assessing the credibility of the Defendant, the Court agrees that the indebtedness owed by Defendant is non-dischargeable under 11 U.S.C. § 523(a)(2)(B).

(a) *Did Defendant Make A Materially False Statement?*

On February 9, 1979, Defendant on her written application for AFDC benefits stated that she was unemployed. On February 12, 1979, Defendant started a full-time job at the local U.S. Army Records Center. While Defendant's statement was true on

February 9, 1979, it became incorrect a mere three (3) days later. No evidence was introduced on whether Defendant knew of her subsequent employment on February 9, 1979.

However, under the circumstances, Defendant had a statutory duty under section 205.967(3), R.S.Mo., to advise Plaintiff of any changes in her employment status. Defendant was aware of this obligation when she made her application on February 9, 1979.

Defendant testified that she twice notified the social worker of her new employment. However, the absence of any record of this notification in Plaintiff's file on the Defendant and the fact that Defendant made no mention of employment during the February 26, 1979, home visit contradict her on this point.

Accordingly, the Court finds and concludes that, under these circumstances, Defendant made a materially false statement to Plaintiff by her failure to subsequently notify Plaintiff of her employment. The Oregon Bankruptcy Court reached a similar result in *In re Berry,* 3 B.R. 430 (Bkrtcy.D. Or.1980).

(b) *Intent to Deceive*

Under the circumstances, the Court can only infer that Defendant intended to deceive Plaintiff on her employment status. It would have been obvious to Defendant that her AFDC benefits would cease upon her disclosure of her employment to Plaintiff. No other motive can be reasonably inferred under these circumstances.

(c) *Reasonable Reliance*

Plaintiff's sole basis for determining Defendant's eligibility for AFDC benefits was her written statement of her financial condition. Plaintiff had no other reasonable means of verifying Defendant's unemployment. Hence, the Court finds that Plaintiff reasonably relied on Defendant's written statement of employment.

For these reasons, the Court concludes that the $497.00 owed Plaintiff is non-dis-

chargeable under 11 U.S.C. § 523(a)(2)(B). The fact that Plaintiff accepted a promissory note from Defendant for the debt does not, as Defendant has conceded, alter this result.

A separate order consistent with this opinion will be entered this date.