In re Annette WINSTON, Debtor.

**The ILLINOIS DEPARTMENT OF EMPLOYMENT SECURITY, Plaintiff,**

v.

**Annette WINSTON, Defendant.**

**Bankruptcy No. 89 B 20006.
Adv. No. 90 A 0132.**

United States Bankruptcy Court,
N.D. Illinois, E.D.

May 30, 1990.

Thomas N. Auwers, Howard Pomper & Associates, Chicago, Ill., for Annette Winston, debtor.

Michael T. Prousis, Illinois Atty. General's Office, Chicago, Ill., for the Illinois Dept. of Employment Sec., plaintiff.

## MEMORANDUM OPINION

JOHN H. SQUIRES, Bankruptcy Judge.

This matter comes before the Court on a motion for default judgment pursuant to Federal Rule of Bankruptcy Procedure 7055 which incorporates by reference Federal Rule of Civil Procedure 55, filed by the Illinois Department of Employment Securi-

ty ("IDES"). For the reasons set forth herein, the Court having considered all the pleadings, exhibits and affidavits does hereby allow the motion for default judgment.

## I. JURISDICTION AND PROCEDURE

The Court has jurisdiction to entertain this motion pursuant to 28 U.S.C. § 1334 and General Rule 2.33(a) of the United States District Court for the Northern District of Illinois. This matter constitutes a core proceeding under 28 U.S.C. § 157(b)(2)(A), (I), and (O).

## II. FACTS AND BACKGROUND

Annette Winston ("the Debtor") filed a Chapter 7 petition on November 27, 1989. IDES subsequently filed the instant adversary proceeding on February 27, 1990, to determine the dischargeability of a debt owed it by the Debtor. The complaint invokes 11 U.S.C. § 523(a)(2) and (a)(7). IDES alleges that its claim for $1,145.85 arises out of unemployment insurance benefits paid to the Debtor which she was not entitled to because she obtained same by false pretenses and false representations. The Debtor allegedly certified to IDES that she was unemployed, earned no wages, and was actively seeking employment during certain periods in 1984, when in fact, she was gainfully employed and earning an income. The complaint further alleges that IDES is the department of government of the State of Illinois charged with the administration of The Illinois Unemployment Insurance Act, Ill.Rev.Stat. ch. 48 par. 300 *et seq.* (1987).

On December 3, 1985, prior to the filing of the bankruptcy petition, IDES issued an administrative decision determining that the Debtor knowingly made false statements or knowingly failed to disclose material facts for the purpose of receiving benefits for which she was not eligible. Attached to the complaint at bar was a copy of the administrative decision, including findings of fact and conclusions of law relating to the Debtor's alleged fraud. The complaint alleges that IDES pursued the Debtor in the Circuit Court of Cook County, Illinois and received a judgment against her for the appropriate amount. In addition, attached as exhibits to the complaint were copies of a memorandum of the circuit court judgment entered on April 29, 1987, and an agreed order of even date, purportedly signed by the Debtor, consenting to entry of the judgment.

The complaint and summons were duly served by IDES on the Debtor and her attorney in accordance with Bankruptcy Rule 7004(b)(9). The Debtor's attorney appeared at the initial status hearing at which time an extension to plead was requested and granted to April 16, 1990. No answer or other responsive pleading has been filed on behalf of the Debtor despite her attorney's appearance at the subsequent hearing on April 30, 1990, when IDES moved for default judgment. Because the complaint was not verified and IDES had no evidence to introduce at that hearing, the Court entered an order of default against the Debtor under Bankruptcy Rule 7055 and granted IDES leave to submit evidence in support of the relief sought. On May 10, 1990, IDES served and filed documentary evidence and affidavits in support of the complaint.

## III. EVIDENCE SUBMITTED

The documentary evidence submitted by IDES includes its decision dated December 3, 1985, that the Debtor had committed fraud. The copy of the administrative decision was certified as a true and correct copy of the original on file by the Commissioner of Unemployment Compensation pursuant to section 702 of The Illinois Unemployment Insurance Act. That section provides for the admissibility into evidence of certified copies of records or documents on file with IDES in all judicial proceedings in the same manner as are public documents. The administrative decision contained findings of fact and conclusions of law to the effect that the Debtor knowingly made false statements as alleged in the complaint which incorporated the administrative decision by reference. The decision was based upon and cited certain provisions of The Illinois Unemployment Insur-

ance Act, namely sections 703, 900, and 901. The administrative decision indicated the Debtor failed to appear at a hearing scheduled on September 17, 1985, to rebut the evidence in the record supporting the fraud finding based upon unemployment insurance records and earnings supplied by the Debtor's employer.

The additional evidence submitted consists of an affidavit of a paralegal employed by the Illinois Attorney General's Office, Department of Employment Security Division. The affiant's duties include monitoring collection files involving overpayment of unemployment benefits and reviewing records of payments received on such files. The affiant stated that the judgment referenced in the complaint had been entered in the circuit court. The files in his office reflected that two payments had been made on account of the judgment leaving a total of $1,145.85 due as of May 1, 1990. This evidence, along with the exhibits attached to the complaint, was served on the Debtor's attorney and has been reviewed and considered pursuant to Bankruptcy Rule 7055 and Federal Rule 55(b)(2).

## IV. DISCUSSION

### A. *Exceptions to Discharge 11 U.S.C. § 523*

Section 523(a)(2) of the Bankruptcy Code provides that:

(a) A discharge under section 727, 1141 ... or 1328(b) of this title does not discharge an individual debtor from any debt—

(2) for money, property, services, or an extension, renewal, or refinancing of credit to the extent obtained by—

(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;

(B) use of a statement in writing—

(i) that is materially false;

(ii) respecting the debtor's or an insider's financial condition;

(iii) on which the creditor to whom the debtor is liable for such money,

property, services, or credit reasonably relied; and

(iv) that the debtor caused to be made or published with intent to deceive....

11 U.S.C. § 523(a)(2).

Section 523(a)(7) of the Bankruptcy Code provides that a debtor's discharge will be barred:

to the extent such debt is for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss, other than a tax penalty....

11 U.S.C. § 523(a)(7).

■ The complaint invokes both sections 523(a)(2) and (a)(7). However, the complaint fails to specify whether section 523(a)(2)(A) or (a)(2)(B), or both is relied upon. Thus, the Court must consider all three statutory provisions to determine whether the evidence supports a recovery under any of the provisions. A cursory review of the pleadings and evidence reveals that neither section 523(a)(2)(B) nor section 523(a)(7) is a proper vehicle for affording relief to IDES. Although IDES may have a written statement from the Debtor that was materially false concerning her financial condition at the relevant times, same has not been furnished the Court. Consequently, IDES has not proven a prima facie case under section 523(a)(2)(B). Moreover, the pleadings and proof clearly show that the only damages sought by IDES is the actual amount of its unpaid pecuniary loss by way of compensation. No fine, penalty or forfeiture payable to and for IDES' benefit is sought in this adversary proceeding nor awarded by the administrative decision or the circuit court in the state proceedings. Therefore, section 523(a)(7) cannot serve as an appropriate basis for relief. Hence, the only alternative to consider is whether the evidence is sufficient to meet the requirements of section 523(a)(2)(A).

■ The required elements of section 523(a)(2)(A) must be proven by clear and convincing evidence. *In re Bogstad*, 779 F.2d 370, 373 (7th Cir.1985); *In re Kimzey*, 761 F.2d 421, 423 (7th Cir.1985). The dis-

charge provisions of section 523 are construed strictly against a creditor and liberally in favor of a debtor. *In re Pochel*, 64 B.R. 82, 84 (Bankr.C.D.Ill.1986). Exceptions to discharge are strictly construed to further the policy of affording a debtor a broad discharge and an effective fresh start. *In re Horwitz*, 100 B.R. 395, 398 (Bankr.N.D.Ill.1989). In order to except the debt from discharge, IDES must establish three elements: (1) the Debtor obtained the unemployment benefits through representations either knowingly false or made with such reckless disregard for the truth as to constitute willful misrepresentation; (2) with the intent to deceive; and (3) IDES actually and reasonably relied upon her false representation. *Kimzey*, 761 F.2d at 423.

█ Other bankruptcy courts have afforded relief to governmental agencies under section 523(a)(2)(A) when debtors have received welfare benefits for unemployment after failing to inform the agencies of new employment, but accepted and fraudulently continued to receive benefits and the agencies reasonably continued to rely on the debtors' original reported unemployed status. *See, e.g., In re Hatcher*, 111 B.R. 696 (Bankr.N.D.Ill.1990); *In re Jones*, 37 B.R. 195 (Bankr.E.D.Mo.1984); *In re Berry*, 3 B.R. 430 (Bankr.D.Ore.1980). Hence, if the evidence meets the requirements of section 523(a)(2)(A), no different result should obtain in this case involving unemployment insurance benefits than the result in the *Hatcher* case which involved benefits paid under the Illinois Public Aid Code for unemployment assistance.

IDES' administrative decision summarizes the record before its benefit payment control claims adjudicator. He made the findings of fact from the records before him and determined that the Debtor was paid benefits during the relevant weeks ending May 26, 1984, through September 15, 1984, but knowingly failed to report her employment and earnings from Mrs. Grass, Inc. during those weeks. The administrative decision notes that those facts were unrebutted and supported by unemployment insurance records and earnings information supplied by the Debtor's employer. Furthermore, the administrative decision concluded that due to the fact that the Debtor certified each week that she was not employed and not earning any wages, she knowingly made false statements or knowingly failed to disclose material facts for the purpose of receiving benefits for which she was not eligible. The decision cited sections 900 and 901 of The Illinois Unemployment Insurance Act which provide remedies for overpayment of benefits paid that were obtained by fraudulent representation. The manifest legislative purpose in enacting those sections has been found to provide both a means by which fraudulently or otherwise improperly obtained benefits might be recovered and a means by which individuals who have resorted to fraud to obtain benefits might be penalized. *Meadows v. Grabiec*, 20 Ill. App.3d 407, 314 N.E.2d 283 (1974).

Thus, the claims adjudicator concluded that the Debtor made fraudulent representations by continuing to accept benefits although she was employed and was paid wages during the relevant periods. Because the Debtor certified each week she was not employed and not earning any wages, the intent to deceive element could be inferred, notwithstanding the Debtor's failure to appear and defend at the administrative level. By continuing to accept payments, each acceptance was tantamount to a continuing and intentional false representation that she remained unemployed on which the agency could reasonably rely. Accordingly, all elements are present. Therefore, the logic and result reached in the *Hatcher* case equally applies in this case.

Moreover, the Court has been furnished with a copy of the agreed order for judgment purportedly signed by the Debtor for the same amount of benefits as found fraudulently obtained in the administrative decision. Although the underlying circuit court complaint was referred to in the instant complaint, a copy of the circuit court complaint containing the specific allegations has not been furnished. This omission, however, is not fatal. The agreed

judgment order purportedly signed by the Debtor has been furnished.

### B. *Collateral Estoppel*

■ Under the authority of *Brown v. Felsen*, 442 U.S. 127, 138–139, 99 S.Ct. 2205, 2212–13, 60 L.Ed.2d 767 (1979) the doctrine of collateral estoppel can be used to preclude relitigation of issues previously determined in state courts although the issue of dischargeability remains for determination by the bankruptcy court. *Klingman v. Levinson*, 831 F.2d 1292, 1295 (7th Cir.1987). The Seventh Circuit set forth the requirements for the application of collateral estoppel:

1) the issue sought to be precluded must be the same as that involved in the prior action, 2) the issue must have been actually litigated, 3) the determination of the issue must have been essential to the final judgment, and 4) the party against whom estoppel is invoked must be fully represented in the prior action.

*Id.* at 1295.

■ The state court must use standards identical to those used in the Bankruptcy Code and all criteria necessary for collateral estoppel must be satisfied. Collateral estoppel applies even though the judgment was obtained by default or consent. *See Kelleran v. Andrijevic*, 825 F.2d 692, 694 (2d Cir.1987), *cert. denied*, 484 U.S. 1007, 108 S.Ct. 701, 98 L.Ed.2d 652 (1988). Pursuant to 28 U.S.C. § 1738, federal courts are required to give preclusive effect to state court judgments whenever the courts of the state rendering the judgment would do so. *In re Pahule*, 849 F.2d 1056, 1058 (7th Cir.1988), *citing Marrese v. American Academy of Orthopaedic Surgeons*, 470 U.S. 373, 105 S.Ct. 1327, 84 L.Ed.2d 274 (1985). Under Illinois law, a judgment by default is entitled to the same preclusive effect as any other judgment. *Housing Authority for LaSalle County v. YMCA of Ottawa*, 101 Ill.2d 246, 78 Ill.Dec. 125, 461 N.E.2d 959 (1984); *Grisanzio v. Bilka*, 158 Ill.App.3d 821, 110 Ill.Dec. 585, 511 N.E.2d 762 (1987). Accordingly, the doctrine of collateral estoppel applies in this case.

■ Based upon the partial record of both the administrative and state court proceedings, notwithstanding the failure to submit the state court complaint and the underlying documentary evidence upon which the administrative decision was based, all elements appear present for application of the doctrine. The Debtor was the same party in both proceedings; the fraudulent representation issues were decided on the basis of documentary evidence of the Debtor's representations to IDES, its own records of benefits paid to the Debtor, and the information furnished by the Debtor's employer, as well as the entry of the agreed judgment in the state court proceeding in the amount of the overpayment; resolution of those issues is necessary to the result here; and the dispositive substantive issues under Illinois law concerning the fraudulent representations are identical to those in this adversary proceeding. The requisite burden of proof under the Illinois law for establishing fraud is the clear and convincing standard, similar to that required under section 523(a)(2). *See e.g., Hofmann v. Hofmann*, 94 Ill.2d 205, 68 Ill.Dec. 593, 446 N.E.2d 499 (1983); *Ray v. Winter*, 67 Ill.2d 296, 10 Ill.Dec. 225, 367 N.E.2d 678 (1977). The dischargeability issue pursuant to section 523(a)(2)(A) was the only issue not present in either the administrative or state court proceedings. Although the Debtor suffered a default at the administrative level, she apparently agreed to the subsequent circuit court judgment against her and made several partial payments to IDES on account of that adjudicated debt before filing her petition in bankruptcy. Her failure to communicate with and authorize her attorney to file an answer or otherwise defend against this adversary proceeding, does not bar application of the doctrine of collateral estoppel. The Debtor's failure to plead responsive to the allegations of the complaint, other than as to the amount of damages, constitutes an admission thereof pursuant to Bankruptcy Rule 7008 which incorporates by reference Federal Rule of Civil Procedure 8. The evidence submitted is sufficient for the Court to properly allow

the motion for default judgment under Bankruptcy Rule 7055.

## V. CONCLUSION

For the foregoing reasons, the Court hereby grants the motion for default judgment and finds the debt owed to IDES by the Debtor, in the amount of $1,145.85, including unpaid principal plus interest accrued to the date of the petition, nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(A).

This Opinion is to serve as findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.