CONSOL BUILDERS & SUPPLY Co., INC., Plaintiff-Appellant, *v.* ALLEN EBENS *et al.*, Defendants-Appellees.

(No. 74-20;

Second District—January 20, 1975.

Garard & Moehle, of Oregon, for appellant.

Fearer & Nye and C. M. Glosser, both of Rochelle, for appellees.

Mr. JUSTICE JONES delivered the opinion of the court:

Plaintiff appeals an order of the trial court granting defendants' motion to dismiss his complaint for foreclosure of a mechanic's lien because of res judicata. Defendants Allen Ebens and Dorothy L. Ebens were originally made parties as contract vendors of the real estate involved. Their interest terminated, and they were dismissed out of the action.

The case proceeds against defendants Vincenzo L. Traina and Carol K. Traina.

On January 21, 1971, plaintiff, a building contractor, and defendant Vincenzo L. Traina entered into a written contract whereby plaintiff was to construct a residence for a stated consideration. One of the provisions was: "Changes in plans and specifications are to be made only on written order signed by the Buyers and approved by the Builder. A written memorandum covering changes and charges therefore shall be signed by all parties." The plaintiff entered upon performance of the agreement during which there were some "change orders" and some "extras," some of which defendant signed for and some of which he did not. Disputes arose over the manner of the construction, and by agreement of the parties the contract was terminated on or about June 1, 1971.

On June 18, 1971, the plaintiff, acting without an attorney, filed a small-claim complaint against defendant Vincenzo I. Traina for $932.41. Although it was apparent that the suit was for the "extras" involved in the construction the small claim complaint recited that the sum was due for "building materials and labor." Service of summons was obtained and defendant retained counsel to represent him in the case. Interrogatories were served on plaintiff and in answer to the question "Was the contract between plaintiff and defendant written, oral, or partly written and oral?" it was replied, "Original contract for construction of certain phases of house were written." Defendant suffered a judgment by default to be entered against him on September 14, 1971, and he paid the judgment and costs in full on September 16, 1971. At the time of the hearing on the small-claim case the plaintiff was represented by an attorney, and the attorney executed a satisfaction of judgment upon payment by defendant.

On October 1, 1971, plaintiff filed a claim for lien against defendants' property and on October 7, 1971, filed a complaint to foreclose the lien. The complaint was founded on the written contract, and the lien asserted a balance due plaintiff in the amount of $6,035.86.

Defendants filed a motion to dismiss asserting that the small-claim judgment and satisfaction was res judicata as to the foreclosure suit. After hearing argument on the motion the court reserved ruling until trial. Defendants filed an answer, a counter-claim (for damages for faulty construction) and an affirmative defense. The affirmative defense was that the judgment and satisfaction in the small-claim case was res judicata as to the foreclosure action. When the cause was called for trial the court limited the testimony to the question whether the subject matter of the small-claim complaint and the foreclosure action were the same. After hearing testimony and taking the cause under advisement, the court wrote a letter of decision to the attorneys in which he found that the

plaintiff's judgment in the small-claim court is res judicata as to the matters in controversy in this cause and accordingly held against the plaintiff on the complaint and for the defendants on the affirmative defense. The court further held for the plaintiff on defendants' counterclaim. The judgment order entered by the court granted defendants' motion to dismiss. Plaintiff appeals. We affirm.

■■ The decision in this case turns on the question whether plaintiff has split his cause of action and is seeking recovery on a single claim by a multiplicity of lawsuits. Such a course of action is prohibited since it is a well-established principle that public convenience and fairness require a defendant to deal with all claims in one proceeding. The applicable rule is set forth in *Dorland v. Steinbrecher*, 50 Ill.App.2d 344, 347, and *Hulke v. International Manufacturing Co.*, 14 Ill.App.2d 5, 22, as follows:

> " 'If suit is brought for a part of a claim, a judgment obtained in that action precludes the plaintiff from bringing a second action for the residue of the claim, notwithstanding the second form of action is not identical with the first, or different grounds for relief are set forth in the second suit. This principle not only embraces what was actually determined, but also extends to every other matter which the parties might have litigated in the case. The rule is founded upon the plainest and most substantial justice,— namely, that litigation should have an end and that no reason should be unnecessarily harassed with a multiplicity of suits.' " 50 Ill.App.2d 344, 347.

It is plaintiff's position that there were, in fact, two causes of action existent, that the remedies therefore are cumulative and that they may be pursued either separately and independently or concurrently so long as only one recovery is obtained. The argument is founded on the fact that the small claim action was brought to recover only for the extras and the foreclosure action was for sums due under the written contract.

■■ We must conclude that plaintiff's argument is without merit. The claim for sums due for extras and the claim for sums due under the contract are at best but separate elements of one cause of action. All claims have their origin in the contract for construction of the residence. That contract contains express recognition that changes might arise during construction and provided for the mode of payment. All claims spring from a common source, a common time and from one transaction. Plaintiff elected its remedy and brought its suit. After having been successful in obtaining a judgment and getting it satisfied, it cannot then begin another action for another sum allegedly due from the same transaction. There must be an end to litigation, and the policy alluded to above

proclaims it. Plaintiff could have included the sums allegedly due under the contract in his action for a money judgment or could have included the amounts due for "extras" in the lien claim and foreclosure. The lien claim and foreclosure action is a cumulative remedy and may be pursued along with other remedies. It is cumulative, not exclusive; it is cumulative, not consecutive. It may not be employed to obtain multiple recoveries. *Stankiewicz v. Irvine*, 310 Ill.App. 673, 35 N.E.2d 433 (abstract opinion).

■■ Plaintiff contends that the parties as well as the subject matter of the actions are different. Only defendant Vincenzo L. Traina was a party to the small-claim action but both Vincenzo L. Traina and his wife Carol are defendants in the foreclosure action. But because of the privity of interest of the husband and wife defendants the argument is unavailing.

At the trial the attorney who represented defendant Vincenzo L. Traina at the time of the small-claim case testified he had a discussion with plaintiff's attorney on the morning of the taking of the small-claim judgment during which he told plaintiff's attorney that if he proceeded with the small-claim suit he, defendant's attorney, was going to treat it as a satisfaction in full. Although the conversation was denied by plaintiff's attorney we need not consider it since the result of this case is not dependent on whether defendants notified plaintiff of their intention.

Plaintiff further asserts that even if it be found that it has split its cause of action this action is not barred, because defendants consented to the splitting of plaintiff's cause of action. The sole basis of this assertion is that the defendants failed to appear in the small-claim case and object to the plaintiff's suit for extras only. Clearly defendants' consent to plaintiff's multiple lawsuits cannot be implied from such a circumstance. (See Restatement of Judgments § 62 (1942).) Nor is there any evidence whatsoever of fraud or misrepresentation by defendants that would justify equitable relief for plaintiff. That plaintiff made a mistake or miscalculation alone is insufficient to justify relief. See Restatement of Judgments § 126(2) (1942).

■■ Plaintiff finally contends that defendants failed to offer sufficient evidence to prove the allegations of their affirmative defense. We have examined the record in light of this assertion and find it to be without merit. The judgment of the trial court is supported by sufficient evidence of record and we will not set it aside on that ground.

Judgment affirmed.

ALLOY and STOUDER, JJ., concur.