C.I.S., INC., Plaintiff-Appellee, *v.* JAMES KANN *et al.*, Defendants-Appellants.

Second District   No. 78-502

Opinion filed September 12, 1979.

Andrew M. Raucci and Michael P. McClelland, both of Kusoer and Raucci, of Chicago, for appellants.

Murray R. Conzelman, of Conzelman, Schultz, Snarski and Mullen, of Waukegan, for appellee.

Mr. JUSTICE NASH delivered the opinion of the court:

Defendants, James Kann and Robert T. Krebs, appeal from the entry of summary judgment against each of them in favor of plaintiff, C.I.S.,

Inc. This is a companion case to *Krebs v. Mini* (1977), 53 Ill. App. 3d 787, 368 N.E.2d 159, decided by this court, and the trial court granted these judgments based upon the application of the doctrine of estoppel by verdict, finding that the issues sought to be herein litigated had been finally determined in the earlier case.

In this case plaintiff, C.I.S., Inc., sought recovery of $13,000 bonuses taken from it by each of the defendants. The facts as stated in *Krebs* are generally sufficient and we will supplement them only as may be necessary for a full understanding of the issues presented in this case.

Albert A. Mini, together with Kann and Krebs, purchased the stock of C.I.S., Inc., for $76,200 and it was transferred to Illinois Carbide Tool Company, a corporation wholly owned by Mini. Pursuant to the agreement between them, Mini provided the purchase money for the stock and defendants undertook the operation of C.I.S. The parties also agreed that Krebs and Kann were each to be permitted to purchase one-third of the stock for $25,000 after all loans by Mini and Illinois Carbide had been paid and that the profits of the business were to be allocated one-half towards the stock payment and the remainder to be divided equally between Mini, Kann and Krebs. Defendants asserted they were to be directors of the corporation, but Mini asserted they were merely its employees and that the $13,000 bonuses they had each taken from C.I.S. funds were unauthorized.

Thereafter, in December 1975, Mini terminated Kann and Krebs from C.I.S. and they commenced the earlier action for a restraining order against Mini seeking to prevent their removal from the business. That cause was subsequently amended by Kann and Krebs to include a request for a finding that they were partners or joint venturers with Mini and that he be declared to be a constructive trustee of two-thirds of the stock for their benefit. The trial court in that case found that the "bonuses" taken by Kann and Krebs were unauthorized and that there was no evidence of a joint venture, and its judgment was affirmed by our opinion in *Krebs*. While that case was pending in this court on appeal, plaintiff herein commenced this action against defendants Kann and Krebs seeking recovery of the bonuses alleged to have been wrongfully taken by them. After our opinion in the earlier case the trial court, in reliance upon it, entered the summary judgment in this case, from which defendants now appeal.

Defendants now contend that the doctrine of estoppel by verdict may not be applied in this case and that there exist material issues of fact which preclude summary judgment.

■■ Estoppel by verdict or collateral estoppel, which is a form of *res judicata*, is based upon the principle that once an issue has been adjudicated it is deemed conclusively settled between the parties and

their privies. (*Kramer v. Chicago Title & Trust Co.* (1979), 69 Ill. App. 3d 1015, 1018, 387 N.E.2d 1105, 1107.) Defendants assert that the parties in the instant case and the parties in the earlier case (*Krebs v. Mini*) are different, thus precluding the application of estoppel. We do not agree. Mini was the president of C.I.S. and owned or controlled its stock at the time of the first litigation. It is apparent that privity exists between C.I.S. and Mini to the extent necessary for the application of the doctrine of estoppel in this case. Moreover, the modern view is that the identity-of-parties criterion is satisfied so long as the party against whom collateral estoppel is sought to be invoked is identical in both actions. (*Drabik v. Lawn Manor Savings & Loan Association* (1978), 65 Ill. App. 3d 272, 276, 382 N.E.2d 333, 336; *Riley v. Unknown Owners* (1975), 25 Ill. App. 3d 895, 899, 324 N.E.2d 78, 81.) Kann and Krebs were parties in each case and are, therefore, subject to the application of the doctrine against them.

Defendants also contend that the issues resolved in this case are significantly different from those of the earlier proceeding making estoppel inappropriate. They assert that because of the differences in the nature of the actions and in the burden of proof in this case and in their earlier request for a temporary restraining order that it was error for the trial court to here rely upon the findings which were made by the trial court in the earlier case and subsequently affirmed on appeal.

■■ While the first case was commenced as a petition for a temporary restraining order, it was amended by Kann and Krebs to include a prayer for a declaratory judgment that they and Mini were partners or joint venturers and for the imposition of a constructive trust. In rejecting those claims we stated:

> "The trial court was also justified in finding, on the proofs before it, that the $26,000 in bonuses taken by Krebs and Kann were taken without the knowledge or consent of Mini; this constituted an apparent breach of the agreement between the parties, particularly since no similar sum was ever paid to Mini. In sum, Krebs and Kann failed to meet their burden of demonstrating an entitlement to a constructive trust over two-thirds of the C.I.S. stock." (*Krebs*, 53 Ill. App. 3d 787, 793, 368 N.E.2d 159, 164.)

In our view the findings of the trial court and the opinion of this court in the earlier case cannot be now brushed aside as *dicta*. It was there conclusively determined that Kann and Krebs were not authorized to take the "bonuses" of $13,000 each from C.I.S. and that they failed to establish that a partnership or a joint venture existed or that they were entitled to a constructive trust over the C.I.S. stock. In the instant case, Kann and Krebs seek to relitigate these same issues in resisting plaintiff's effort to recover the sums appropriated from it by them but are not entitled to do so. The trial court correctly applied the doctrine of estoppel by verdict in

determining that there existed no genuine issue of material fact sufficient to defeat plaintiff's motion for summary judgment (Ill. Rev. Stat. 1977, ch. 110, par. 57(3)), and its judgment will be affirmed.

Affirmed.

GUILD, P. J., and RECHENMACHER, J., concur.