OLD ORCHARD BANK & TRUST CO., Plaintiff, *v.* JOSEPH LEVIN *et al.*, Petitioners-Appellees (Bank of Lincolnwood, Respondent-Appellant; Old Orchard Bank & Trust Co., Trustee, *et al.*, Defendants).

First District (4th Division)   No. 83—1710

Opinion filed May 17, 1984.

*This opinion was adopted as the opinion of the court prior to the death of Mr. Justice Wilson.

444

Jill B. Berkeley and Ellen J. Barron, both of Dardick & Jadwin, of Chicago, for appellant.

Barry A. Pitler, Philip L. Mandell, and Sigi M. Offenbach, all of Chicago, for appellees.

JUSTICE JIGANTI delivered the opinion of the court:

The central concern of this appeal is whether certain substantive arguments raised by the appellant, Bank of Lincolnwood, are barred by principles of *res judicata* and collateral estoppel. The Bank of Lincolnwood and the appellees, Joseph and Marlene Levin, have been involved in two separate lawsuits, the second of which is presently before this court. In supplemental proceedings to enforce the judgment following the first action, the trial court found that the Levins were entitled to homestead exemptions in their home in Wilmette, Illinois. (See Ill. Rev. Stat. 1983, ch. 110, par. 2—1402.) The trial judge in the subsequent and now instant foreclosure action on the Wilmette property found that the Levins possessed homestead rights in the Wilmette premises, based upon the order entered by the court during supplementary proceedings in the first lawsuit. The Bank of Lincolnwood now raises a number of substantive issues concerning the propriety of granting homestead exemptions to the Levins and the constitutionality and retroactivity of an amendment to the homestead exemption statute. We find, however, that these matters are barred by principles of *res judicata* and collateral estoppel. We therefore shall not address the merits of the Bank of Lincolnwood's substantive arguments.

The following chronology of events lays the backdrop for this ap-

peal. Prior to 1979, a land trust was established under which the Levins possessed the beneficial interest and Old Orchard Bank & Trust Company, the land trust trustee (land trustee), possessed legal and equitable title. The *res* of the trust consisted of the Wilmette home and certain property located in Northfield, Illinois. Between 1979 and 1980, the land trustee executed a mortgage on the Northfield property and a note payable to the Bank of Lincolnwood. The Northfield property was later sold by the sheriff of Cook County after the land trustee defaulted on the note and the Bank of Lincolnwood obtained a judgment against the land trustee. While both the land trustee and the Levins were named as defendants in that lawsuit, the record before us is unclear as to the disposition of the case in regard to the Levins. The proceeds of the judicial sale of the Northfield property were insufficient to satisfy the Bank of Lincolnwood's judgment in full and thus, a portion of the judgment remained unsatisfied.

In supplementary proceedings before Judge Cohen, the Bank of Lincolnwood filed a citation to discover assets as a judgment creditor of the land trustee. Although the facts surrounding the citation proceeding have not been included in the record before us, the parties agree that the proceeding disclosed that the Wilmette home was subject to sale in order to satisfy the debts and obligations of the land trustee. Judge Cohen allowed the Levins to intervene in the citation proceedings because they possessed a beneficial interest in the land trust which held both the Northfield and Wilmette properties. Subsequently, Judge Cohen ordered the land trustee to execute and deliver to the sheriff a trustee's deed conveying its title and interest in the Wilmette premises. On July 27, 1982, Judge Cohen also entered a separate order which is crucial to the case now before us. In that order, the judge awarded the Levins a homestead exemption in the Wilmette premises by virtue of their beneficial interest in the land trust.

The Bank of Lincolnwood never appealed Judge Cohen's order granting homestead exemptions in the Wilmette premises to the Levins. That specific order concerned absolutely no matter other than the Levins' right to homestead exemptions. In this appeal, the Bank of Lincolnwood concedes that Judge Cohen's order was final and appealable and makes no argument in that regard. The record reflects the Bank of Lincolnwood's deliberate choice not to appeal Judge Cohen's order, in part at least due to financial concerns.

Less than three months after Judge Cohen's rulings, another circuit court judge, Judge Siegan, entered a judgment of foreclosure and sale on the Wilmette premises. This foreclosure action was brought

after the land trustee defaulted on another note which had been executed in 1972. The action was brought by Old Orchard Bank, the holder of the note and trust deed. The Bank of Lincolnwood was a party to this action as well and was named as a judgment creditor of the land trustee. The Levins were also named as defendants in the case. Judge Siegan set a six-month period of redemption from the date of the sheriff's sale. No redemption was ever made.

The sheriff conducted a sale of the Wilmette premises and the Bank of Lincolnwood was the high bidder at the sale. Judge Siegan entered an order approving the sheriff's report of sale and distribution and further incorporated the sheriff's report into his order. Both the order and the sheriff's report stated that they were "subject to" Judge Cohen's order of July 27, 1982. The July 27 order is the order previously discussed in this opinion which granted homestead exemptions in the Wilmette property to the Levins.

After the six-month redemption period had expired for the Wilmette premises, the Bank of Lincolnwood applied for the sheriff's deed pursuant to its certificate of sale. Three days later, the Levins presented their petition for a protective order to Judge Siegan, seeking payment of their homestead exemptions in the Wilmette premises. Judge Siegan ruled that the Levins were entitled to their homestead exemptions and the Bank of Lincolnwood now appeals from Judge Siegan's order.

"The doctrine of *res judicata* provides that 'a final judgment rendered by a court of competent jurisdiction on the merits is conclusive as to the rights of the parties and their privies, and, as to them, constitutes an absolute bar to a subsequent action involving the *same* claim, demand or cause of action.'" (*Housing Authority v. Young Men's Christian Association* (1984), 101 Ill. 2d 246, 251; *People v. Kidd* (1947), 398 Ill. 405, 75 N.E.2d 851.) Once *res judicata* has been established, it acts "'as a bar against the prosecution of a second action between the same parties upon the same claim or demand ***'" and "'*** is conclusive not only as to every matter which was offered to sustain or defeat the claim or demand, but as to any other matter which might have been offered for that purpose. ***'" *Housing Authority v. YMCA* (1984), 101 Ill. 2d 246, 251-52; *Barry v. Commonwealth Edison Co.* (1940), 374 Ill. 473, 29 N.E.2d 1014.

In the case at bar, the Bank of Lincolnwood maintains that neither *res judicata* nor collateral estoppel acts as a bar to its arguments because the cases before Judge Cohen and Judge Siegan were "two completely distinguishable and separate actions, which bear no factual or legal resemblance to each other." We disagree. The record in this

case establishes that Judge Cohen specifically decided whether the Levins, as the owners of the beneficial interest in a land trust, were entitled to a homestead exemption in the Wilmette premises. The Levins and the Bank of Lincolnwood were both parties in the action before Judge Cohen and the court was one of competent jurisdiction. The propriety of granting a homestead exemption to the Levins was decided after Judge Cohen heard oral arguments and examined the briefs prepared by the Levins and the Bank of Lincolnwood. Judge Cohen's July 27 order encompassed no matter other than the Levins' right to homestead exemptions in the Wilmette premises. The Bank of Lincolnwood never appealed from Judge Cohen's order. and, because the period has run during which the Bank of Lincolnwood could have filed its notice of appeal, Judge Cohen's order is not appealable and the merits of his decision cannot be assessed by this court.

■ The action before Judge Siegan addressed the precise issue which was decided by Judge Cohen in his July 27 order: whether the Levins, as the owners of the beneficial interest in a land trust, were entitled to a homestead exemption in the Wilmette premises. The Levins and the Bank of Lincolnwood were both parties to the action before Judge Siegan; they were also both parties to the action before Judge Cohen. The Wilmette home was the identical property that was specifically addressed in regard to the Levins' right to homestead exemptions by both Judge Cohen and Judge Siegan. Where the issue, the parties and the subject property were thus indistinguishable, we believe that the matter of granting homestead exemptions to the Levins was *res judicata* in the action before Judge Siegan. Furthermore, any ancillary issues which could have been raised before Judge Cohen but were not were also *res judicata* in the action before Judge Siegan. We therefore find that Judge Siegan properly found that he was bound by the July 27 order previously entered by Judge Cohen under the doctrine of *res judicata*.

Alternatively, even if the Bank of Lincolnwood could correctly maintain that the actions before Judge Cohen and Judge Siegan were legally and factually distinguishable, we believe that collateral estoppel would act as a bar to the Bank's arguments. "The doctrine of collateral estoppel applies when a party or someone in privity with a party participates in two separate and consecutive cases arising on *different* causes of action and some controlling fact or question material to the determination of both causes has been adjudicated against that party in the former suit by a court of competent jurisdiction." (*Housing Authority v. YMCA* (1984), 101 Ill. 2d 246, 252.) In the instant case the "material question" at issue was whether the Levins,

as the owners of the beneficial interest in a land trust, were entitled to a homestead exemption in the Wilmette premises. This precise issue was decided by Judge Cohen in his July 27 order. We therefore believe that when the matter of the Levins' homestead exemptions again arose before Judge Siegan, the adjudication of the same question before Judge Cohen was conclusive in the later action.

Under principles of collateral estoppel, "the judgment in the first suit operates as an estoppel only as to the point or question actually litigated and determined and not as to other matters which might have been litigated and determined." (*Charles E. Harding Co. v. Harding* (1933), 352 Ill. 417, 427, 186 N.E. 152, 155.) Significantly, in the case at bar, the Bank of Lincolnwood does not argue that Judge Siegan was asked to determine ancillary issues regarding the Levins' right to homestead exemptions, such as the alleged waiver of their rights or the constitutionality and retroactive application of the homestead exemption statute, which had not been previously raised by the bank before Judge Cohen.[1] Therefore, the above-quoted language, which illuminates the distinction between principles of *res judicata* and collateral estoppel, plays no part in the case now before this court. We consequently find that collateral estoppel acts as an alternative bar to the Bank of Lincolnwood's arguments.

■ The final argument we must consider on appeal is the Bank of Lincolnwood's contention that Judge Siegan improperly considered the Levins' petition for a protective order more than 30 days after entry of his final judgment. On December 13, 1982, Judge Siegan entered his order approving the sheriff's report of sale and distribution. The Levins presented their petition for a protective order on May 27, 1983, following the Bank of Lincolnwood's application for the sheriff's deed upon the expiration of the six-month period of redemption set by Judge Siegan. On June 17, 1983, Judge Siegan ruled that the Levins were entitled to homestead exemptions. The Bank of Lincolnwood now maintains that Judge Siegan did not have jurisdiction to "amend or modify [his] final judgment order of December 13, 1982" when he

---

[1]As a practical matter, such arguments, even if offered by the Bank of Lincolnwood, could not properly be considered by this court on appeal. The Bank of Lincolnwood, as appellant, has chosen only to supply this court with the record of proceedings in the action before Judge Siegan and not with the record in the action before Judge Cohen. The only documents concerning the action before Judge Cohen which have been provided to this court by the appellant are certain exhibits which were attached to the Levins' petition for a protective order in the action before Judge Siegan. Thus, we have no basis to consider the issues that were argued before Judge Cohen prior to the time he entered his July 27 order.

ruled that the Levins were entitled to homestead exemptions. We disagree with the Bank of Lincolnwood's contentions.

We do not believe that Judge Siegan modified or amended his December 13 order when he later ordered that the Levins were entitled to homestead exemptions. Judge Siegan's December 13 order specifically stated that it was subject to Judge Cohen's order of July 27, 1982. The July 27 order awarded homestead exemptions to the Levins and was concerned solely with the issue of the Levins' entitlement to those exemptions. Judge Siegan's December 13 order further stated that the court would retain jurisdiction over the subject matter and the parties to the action for purposes of enforcing the order. We believe that when Judge Siegan ruled that the Levins were entitled to their homestead exemptions he was quite simply enforcing his earlier order of December 13. We therefore find that Judge Siegan's ruling was proper and did not violate the provisions of the Code of Civil Procedure pertaining to motions after final judgment. See Ill. Rev. Stat. 1983, ch. 110, par. 2—1203.

For the foregoing reasons, the order entered by Judge Siegan on June 17, 1983, pertaining to the Levins' entitlement to homestead exemptions, is affirmed.

Affirmed.

JOHNSON and ROMITI, JJ., concur.