BUILDERS PLUMBING SUPPLY COMPANY, Plaintiff-Appellant, v. NICK ZAMBETTA, Defendant-Appellee.

Second District   No. 2—84—1178

Opinion filed May 5, 1986.

Kenneth Moy, Ltd., of Elmhurst, for appellant.

Vincent Alfieri, of Alfieri, Abbene, Durkin & Dailey, of Chicago, for appellee.

PRESIDING JUSTICE NASH delivered the opinion of the court:

Plaintiff, Builders Plumbing Supply Company, appeals from an order of the circuit court of Du Page County granting summary judgment for defendant, Nick Zambetta. The central issue in this appeal is whether recovery in an action based on a sales contract bars recovery of interest in a subsequent action arising from an installment judgment note based on the same sale of goods.

Between December 13, 1979, and October 20, 1980, plaintiff sold defendant $20,989.13 worth of plumbing supplies on credit. On April 28, 1981, at plaintiff's request, defendant signed an installment judgment note which stated that the debt, together with 16% interest, was "to be paid within one year."

On July 8, 1981, plaintiff sued defendant on the original sales contract and recovered a judgment for the principal sum of $20,989.13 on April 22, 1982, which was six days before the installment judgment note became due. Defendant paid this judgment, together with statutory post-judgment interest of 8%, on September 9, 1983, but refused, when requested, to also pay the interest due on the installment judgment note. On that same day, plaintiff filed suit for $7,925.22, the amount of interest due on the note from April 28, 1982, the date it became due, through September 9, 1983, less credit for the statutory post-judgment interest already paid by defendant.

Plaintiff's motion for summary judgment was supported by an affidavit of its attorney stating that no interest had been paid on the note and that the balance due was $7,925.22. Defendant's motion for summary judgment was based on the doctrines of election of remedies and *res judicata*; in a supporting affidavit he stated plaintiff had agreed to forego filing a suit on the principal sum until the note became due. Plaintiff's motion was denied, defendant's motion was granted, and this appeal followed.

At the outset, we note that plaintiff's assertions in its brief that it sued defendant in 1981 only because it had heard defendant was planning to permanently flee Illinois are not supported by the record. In any event, such assertions would have no legal effect on the resolution of this case even if taken as true.

Plaintiff essentially contends that the actions based on the sales contract and on the note are separate and distinct causes of action and argues that the trial court erred when it awarded summary judgment to defendant.

■ Summary judgment should be granted only if the pleadings, affidavits and depositions on file reveal that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. (*In re Estate of Whittington* (1985), 107 Ill. 2d 169, 176-77; *Kroll v. Sugar Supply Corp.* (1983), 116 Ill. App. 3d 969, 975, *appeal denied* (1983), 96 Ill. 2d 560.) All well-pleaded, uncontradicted facts contained in a movant's affidavit will be taken as true for purposes of ruling on a motion for summary judgment. *Heller v. Goss* (1980), 80 Ill. App. 3d 716, 719; *Ohio Oil Co. v. Yacktman* (1976), 36 Ill. App. 3d 255, 261.

It is uncontradicted that (1) defendant signed the installment judgment note for $20,989.13 and plaintiff agreed that no action to recover for the account would be filed until the note came due; (2) plaintiff did file suit against defendant on the account before the note matured; and (3) defendant paid the $20,989.13 judgment recovered, together with statutory interest, to plaintiff on September 9, 1983. Under these facts, we conclude no genuine issue of material fact exists and application of the doctrines of election of remedies and *res judicata* bars recovery of the additional interest sought in this case.

■ The doctrine of election of remedies provides that the adoption of one or more coexisting remedies precludes a resort to the other remedies. (*Lawless v. Pierce* (1983), 118 Ill. App. 3d 747, 751, *cert. denied* (1984), 467 U.S. 1241, 82 L. Ed. 2d 821, 104 S. Ct. 3512; *Rotogravure Service, Inc. v. R.W. Borrowdale Co.* (1979), 77 Ill. App. 3d 518, 526.) The courts do not attempt to determine whether the

separate remedies are inconsistent by nature, but whether the party should be estopped to bring the second action. (*Altom v. Hawes* (1978), 63 Ill. App. 3d 659, 662.) Accordingly, the doctrine has been increasingly confined to those cases where (1) double compensation is threatened, (2) defendant has been misled by plaintiff's conduct and has changed his position in reliance upon it, or (3) the doctrine of *res judicata* can be applied. (*Kenny Construction Co. v. Hinsdale Sanitary District* (1982), 111 Ill. App. 3d 690, 698-99; *Faber, Coe & Gregg, Inc. v. First National Bank* (1969), 107 Ill. App. 2d 204, 211.) There is no question of double compensation in this case, but we find that defendant was in fact misled by plaintiff's conduct and also that the doctrine of *res judicata* may be applied in this case.

■■■ Plaintiff is estopped from pursuing a claim on the note because defendant changed his position in reliance upon plaintiff's apparent abandonment of its claim under the note. Defendant did not raise the note as a defense to the first action, despite the fact that it was not due until eight months after the initial suit was brought. Plaintiff cannot be allowed to require defendant to pay interest under the note provisions when its actions caused defendant to believe plaintiff had relinquished its cause of action under the note. Where a party is misled by another's conduct such that he reasonably changes his position in reliance upon it, the other party is estopped from asserting it did not intend such a meaning. *Kenny Construction Co. v. Hinsdale Sanitary District* (1982), 111 Ill. App. 3d 690, 698; *Altom v. Hawes* (1978), 63 Ill. App. 3d 659, 663.

■ Plaintiff would also be barred from bringing a second action on its claim by the doctrine of *res judicata*. That doctrine provides that "a final judgment rendered by a court of competent jurisdiction on the merits is conclusive as to the rights of the parties and their privies, and, as to them, constitutes an absolute bar to a subsequent action involving the same claim, demand or cause of action." (*Housing Authority v. YMCA* (1984), 101 Ill. 2d 246, 251; *Fearon v. Mobil Joliet Refining Corp.* (1984), 131 Ill. App. 3d 1, 6, *appeal denied* (1985), 106 Ill. 2d 554.) The doctrine is based on the principle that the law grants every man an opportunity to present his case on the issues in question, but requires him to put forth all grounds of recovery he has. *Pedigo v. Johnson* (1985), 130 Ill. App. 3d 392, 395, *appeal denied* (1985), 106 Ill. 2d 556; *Pratt v. Baker* (1967), 79 Ill. App. 2d 479, 485, *cert. denied* (1967), 389 U.S. 874, 19 L. Ed. 2d 157, 88 S. Ct. 165.

This principle of finality applies not only to questions which were actually litigated in the earlier proceeding, but extends also to those

questions which could have been raised or determined. (*Spiller v. Continental Tube Co.* (1983), 95 Ill. 2d 423, 432; *Old Orchard Bank & Trust Co. v. Levin* (1984), 124 Ill. App. 3d 443, 446; *Bond v. Dunmire* (1984), 129 Ill. App. 3d 796, 800; *Neuberg v. Michael Reese Hospital & Medical Center* (1983), 118 Ill. App. 3d 93, 99, *appeal denied* (1984), 96 Ill. 2d 568.) Under the doctrine of *res judicata*, a judgment in a prior suit may be conclusive as to all questions which could have been litigated in that action. *Yaw v. Beeghly* (1982), 109 Ill. App. 3d 627, 632; *Thornton v. Williams* (1980), 89 Ill. App. 3d 544, 546.

Here, plaintiff initially agreed to a mutually acceptable method of resolving defendant's debt under the sales agreement by execution of the judgment note, but subsequently decided to seek recovery on the debt by other means. On July 8, 1981, eight months before the note became due, plaintiff sued defendant on the sales contract. Plaintiff did not there seek recovery of interest owed it on the note and, for reasons not shown by the record, defendant did not offer the note as a defense to the action on the sales contract, although he could have done so. Plaintiff did recover the judgment it sought in that action, and implicit in the conduct of the parties was a mutual understanding that the debt was to be resolved in the first action.

■ By suing on the sales contract alone, plaintiff effectively waived any right of action it might have had on the note when it matured by there wholly resolving the issue of damages due it from defendant based on this account. As plaintiff chose not to pursue his remedies under the note, the doctrine of *res judicata* arises from the first suit to estop it from asserting those remedies in a subsequent suit.

■ Plaintiff contends the doctrine of *res judicata* does not apply to the case at bar because the actions are not based on the same claim. Causes of action are identical where the evidence necessary to sustain a second verdict would sustain the first, *i.e.*, where the causes of action are established upon a common core of operating facts. (*Lester v. Arlington Heights Federal Savings & Loan Association* (1985), 130 Ill. App. 3d 233, 238, *appeal denied* (1985), 106 Ill. 2d 555; *Decatur Housing Authority v. Christy-Foltz, Inc.* (1983), 117 Ill. App. 3d 1077, 1081; *Redfern v. Sullivan* (1982), 111 Ill. App. 3d 372, 376.) Here, both actions are essentially based on the existence of the sales contract and defendant's failure to pay it. The underlying debt of $20,989.13 is the foundation of both suits, and the fact that plaintiff now seeks additional interest does not change that fact. One may not bring a new cause of action merely by adding or subtracting evidence, and, in this case, plaintiff had a duty to see that all claims against

defendant were resolved in one action. See *Douglas v. Papierz Builders, Inc.* (1970), 121 Ill. App. 2d 242, 249.

Accordingly, the judgment of the circuit court is affirmed.

Affirmed.

HOPF and STROUSE, JJ., concur.