DOMENIC GRISANZIO, Plaintiff-Appellant, v. JOHN L. BILKA *et al.*, Defendants-Appellees.

Second District   No. 2—86—0970

Opinion filed July 16, 1987.—Rehearing denied August 28, 1987.

Mark V. Anderson and Craig A. Willette, both of Ritz, Shair & Anderson, Ltd., of Rockford, for appellant.

Thomas A. Green, of Barrick, Switzer, Long, Balsley & Van Evera, of Rockford, for appellees.

JUSTICE INGLIS delivered the opinion of the court:

Domenic Grisanzio, plaintiff, appeals an order of the trial court granting defendants' motion to dismiss count I of his complaint which alleged a violation of section 3.20 of the Business Corporation Act of 1983 (Ill. Rev. Stat. 1985, ch. 32, par. 3.20). We affirm.

On March 14, 1984, plaintiff entered into preincorporation contracts with John L. and Elayne F. Bilka (defendants) which included a four-year written consulting agreement to provide assistance in matters relating to food preparation services, menus, sale and service of alcoholic beverages, special parties, and other services to First Edition, Inc. (corporation), and its employees. Consideration for these services was to be $100,000 paid in 48 equal monthly installments of

$2,083.33, less any amounts paid to plaintiff pursuant to the terms of a reimbursement agreement. The consulting agreement and reimbursement agreement (contracts) were executed by John L. Bilka, as president, and Elayne F. Bilka, as secretary of the corporation. The corporation was not incorporated until March 16, 1984.

Plaintiff provided services pursuant to the contracts until October 14, 1985, when the corporation terminated its operations. Pursuant to the contracts, plaintiff was owed $30,951.75. On October 4, 1985, plaintiff filed a complaint (first suit) for breach of contract against the corporation. On December 2, 1985, a default judgment was entered against the corporation for $30,951.75.

On March 26, 1986, plaintiff filed a complaint (second suit) for breach of the contract against defendants. Count I alleged that the execution of the contracts prior to the formation of the corporation was an unauthorized assumption of corporate powers by defendants in violation of section 3.20 of the Business Corporation Act of 1983 (Ill. Rev. Stat. 1985, ch. 32, par. 3.20). We note that section 3.20 of the Business Corporation Act of 1983 (Ill. Rev. Stat. 1985, ch. 32, par. 3.20) became effective on July 1, 1984, replacing an identical provision in the Business Corporation Act of 1933 (Ill. Rev. Stat. 1983, ch. 32, par. 157.150).

Defendants filed a motion to dismiss count I of plaintiff's complaint on the basis of election of remedies. The trial court granted defendants' motion applying the doctrine of collateral estoppel. This appeal followed.

The sole issue raised is whether the trial court correctly dismissed plaintiff's complaint (second suit) against officers of the corporation to recover on the contracts where the plaintiff had previously obtained a judgment on the contracts against the corporation.

Defendants maintain that the trial court's ruling bars plaintiff from proceeding under a separate theory against individual officers who may, in addition to the corporation, be liable on the contracts. The thrust of the defendants' position is that because the cause of action asserted by the plaintiff (breach of employment contract) has already been fully adjudicated, he is now barred from attempting to reassert that cause of action in a second suit.

Plaintiff agrees that the doctrine of collateral estoppel or estoppel by judgment applies to this case, but argues that it supports plaintiff's claim and does not act as a bar. Plaintiff points out that his first suit was against the corporation for breach of contract, whereas the instant action is against individual officers of the corporation for violating a provision of the Business Corporation Act of

1983 (Ill. Rev. Stat. 1985, ch. 32, par. 3.20).

As we have noted in the facts, section 3.20 of the Business Corporation Act of 1983 was not effective until July 1, 1984. Therefore, we assume plaintiff meant to base his claim on an identical provision found in section 150 of the Business Corporation Act of 1933 (Ill. Rev. Stat. 1983, ch. 32, par. 157.150).

■ Section 150 of the Business Corporation Act of 1933 provides:

> "All persons who assume to exercise corporate powers without authority so to do shall be jointly and severally liable for all debts and liabilities incurred or arising as a result thereof." (Ill. Rev. Stat. 1983, ch. 32, par. 157.150.)

Plaintiff argues that since the issue of the defendants' liability under this provision was not litigated and determined in the first suit, the judgment in the first suit cannot operate as an estoppel barring plaintiff's claim on those grounds. The record indicates that defendants have failed to object to the faulty citation of the applicable statute. An error not properly preserved is deemed waived. (*People v. Huckstead* (1982), 91 Ill. 2d 536, 543.) Therefore, we proceed to the merits of this case.

The trial court applied collateral estoppel under the principles set forth in *Kramer v. Chicago Title & Trust Co.* (1979), 69 Ill. App. 3d 1015. Quoting *Riley v. Unknown Owners* (1975), 25 Ill. App. 3d 895, 898-99, the *Kramer* court set forth the ingredients for the application of collateral estoppel, stating:

> " 'A branch of res judicata, referred to as estoppel by verdict or collateral estoppel, provides the same conclusive effect when the same parties or their privies are involved with the same issues actually or necessarily finally determined by a court of competent jurisdiction in an earlier, but different cause of action.
>
> * * *
>
> These courts hold that the only pertinent questions for the utilization of collateral estoppel are whether the *issue decided* in the prior adjudication *is identical* with the one presented in the suit in question, whether there had been a final judgment on the merits, and *whether the party against whom estoppel is asserted is a party or in privity with a party* to the prior adjudication.' " (Emphasis added.) 69 Ill. App. 3d 1015, 1018.

Similarly, in *Housing Authority v. YMCA* (1984), 101 Ill. 2d 246, the court explained the doctrine of collateral estoppel and its application as follows:

"The doctrine of collateral estoppel applies when a party or someone in privity with a party participates in two separate and consecutive cases arising on *different* causes of action and some controlling fact or question material to the determination of both causes has been adjudicated against that party in the former suit by a court of competent jurisdiction. [Citation.] The adjudication of the fact or question 'in the first cause will, if properly presented, be conclusive of the same question in the later suit' [citation], but 'the judgment in the first suit operates as an estoppel only as to the point or question *actually litigated* and determined and not as to other matters which might have been litigated and determined.' [Citations.]" (Emphasis in original.) (101 Ill. 2d 246, 252.)

The court also stated:

"A prior judgment may have preclusive effects in a subsequent action under both *res judicata* and collateral estoppel. The doctrine of *res judicata* provides that 'a final judgment rendered by a court of competent jurisdiction on the merits is conclusive as to the rights of the parties and their privies, and, as to them, constitutes an absolute bar to a subsequent action involving the *same* claim, demand or cause of action.' [Citation.] When *res judicata* is established 'as a bar against the prosecution of a second action between the same parties upon the same claim or demand *** it is conclusive not only as to every matter which was offered to sustain or to defeat the claim or demand, but as to any other matter which might have been offered for that purpose.' [Citations.]" (Emphasis in original.) 101 Ill. 2d 246, 251-52.

In *Morris v. Union Oil Co.* (1981), 96 Ill. App. 3d 148, the court stated:

"Thus a cause of action consists of a single core of operative facts which give the plaintiff a right to seek redress for the wrong concerned. Even though one group of facts may give rise to different claims for relief upon different theories of recovery, there remains a single cause of action. If the same facts are essential to the maintenance of both proceedings or the same evidence is needed to sustain both, then there is identity between the allegedly different causes of action asserted and *res judicata* bars the latter action." (96 Ill. App. 3d 148, 157.)

Therefore, based on the specific circumstances, both *res judicata* and collateral estoppel could apply to bar a claim or action. See *Old Or-*

*chard Bank & Trust Co. v. Levin* (1984), 124 Ill. App. 3d 443.

This court considered a case factually similar to the instant action in *Consol Builders & Supply Co. v. Ebens* (1975), 24 Ill. App. 3d 988. In *Consol Builders & Supply Co.*, the plaintiff filed a small claim complaint against defendant. The complaint was based on a construction contract under which the plaintiff claimed that defendant still owed money for building materials and labor. A default judgment was entered against the defendant. Approximately one month later, the plaintiff filed a claim for lien against the defendant's property and subsequently filed a complaint to foreclose the lien. The second complaint was founded on the same written contract, and the lien asserted that an additional balance was due the plaintiff. The defendant filed a motion to dismiss asserting that the small claim judgment and satisfaction was *res judicata* as to the foreclosure suit. The court agreed and accordingly held against the plaintiff on his complaint. 24 Ill. App. 3d 988, 990-91.

Although the distinguishing factor in *Consol Builders & Supply Co.* was that the two complaints were split on the amount (the first case was for part recovery; the second was for the remainder), the analogy to the instant case is nevertheless valid. The court stated:

"The decision in this case turns on the question whether plaintiff has split his cause of action and is seeking recovery on a single claim by a multiplicity of lawsuits. Such a course of action is prohibited since it is a well-established principle that public convenience and fairness require a defendant to deal with all claims in one proceeding." (24 Ill. App. 3d 988, 991.)

The court applied the rule set forth in *Dorland v. Steinbrecher* (1964), 50 Ill. App. 2d 344. The *Dorland* court stated the rule as follows:

"If suit is brought for a part of a claim, a judgment obtained in that action precludes the plaintiff from bringing a second action for the residue of the claim, notwithstanding the second form of action is not identical with the first, or different grounds for relief are set forth in the second suit. This principle not only embraces what was actually determined, but also extends to every other matter which the parties might have litigated in the case. The rule is founded upon the plainest and most substantial justice,—namely, that litigation should have an end and that no person should be unnecessarily harassed with a multiplicity of suits." 50 Ill. App. 2d 344, 347.

In *Consol Builders & Supply Co.*, as in the instant case, it was the plaintiff's position that there were, in fact, two causes of action.

The plaintiff's argument was founded on his contention that the small claim action was brought to recover only for "extras," and the foreclosure action was for additional sums due under the written contract. Finding the plaintiff's argument without merit, this court concluded that the claims in both cases were, at best, separate elements of one cause of action. *Consol Builders & Supply Co. v. Ebens* (1975), 24 Ill. App. 3d 988, 991.

■ Applying these principles to the instant case, when the court entered the default judgment against the corporation in the first suit, the dispute giving rise to the cause of action was resolved, and the doctrine of *res judicata* applied to bar any relitigation of the claim. (See *Housing Authority v. YMCA* (1984), 101 Ill. 2d 246.) The issue in both actions is plaintiff's right to recover unpaid compensation under the consulting agreement in question. Merely alleging that one action was based on contract, while the other was based on statute, is not sufficient to state a separate cause of action. (*Baird & Warner, Inc. v. Addison Industrial Park, Inc.* (1979), 70 Ill. App. 3d 59, 71; *Prochotsky v. Union Central Life Insurance Co.* (1971), 2 Ill. App. 3d 354, 357.) Furthermore, although the judgment against the corporation was by default, it is entitled to the same preclusive effect under the doctrine of *res judicata* as any other judgment. Default judgments are always *res judicata* on the ultimate claim or demand presented in the complaint. *Housing Authority v. YMCA* (1984), 101 Ill. 2d 246, 254.

■ In addition, the bar of *res judicata* or collateral estoppel is being raised by defendants who, the parties do not dispute, were the sole shareholders of the corporate defendant in the prior litigation. In this case, the party against whom collateral estoppel is sought is the plaintiff. The plaintiff in both actions is identical. Therefore, the identity of the parties criterion is satisfied. (See *C.I.S., Inc. v. Kann* (1979), 76 Ill. App. 3d 109.) In *C.I.S., Inc.*, this court stated:

> "Defendants assert that the parties in the instant case and the parties in the earlier case (*Krebs v. Mini*) are different, thus precluding the application of estoppel. We do not agree. Mini was the president of C.I.S. and owned or controlled its stock at the time of the first litigation. It is apparent that privity exists between C.I.S. and Mini to the extent necessary for the application of the doctrine of estoppel in this case. Moreover, the modern view is that the identity-of-parties criterion is satisfied so long as the party against whom collateral estoppel is sought to be invoked is identical in both actions." 76 Ill. App. 3d 109, 111.

Finally, a review of the motion to dismiss filed in the trial court shows that defendants prayed that the trial court dismiss the second suit because plaintiff has *elected his remedies* and should be barred from proceeding under the second suit. This court recently expounded on the application of this doctrine when it stated:

> "The doctrine of election of remedies provides that the adoption of one or more coexisting remedies precludes a resort to the other remedies. [Citations.] The courts do not attempt to determine whether the separate remedies are inconsistent by nature, but whether the party should be estopped to bring the second action. [Citation.] Accordingly, the doctrine has been increasingly confined to those cases where (1) double compensation is threatened, (2) defendant has been misled by plaintiff's conduct and has changed his position in reliance upon it, or (3) the doctrine of *res judicata* can be applied. [Citations.]" (*Builders Plumbing Supply Co. v. Zambetta* (1986), 143 Ill. App. 3d 188, 190-91.)

The court went on to state:

> "Plaintiff would also be barred from bringing a second action on its claim by the doctrine of *res judicata*. \*\*\* The doctrine is based on the principle that the law grants every man an opportunity to present his case on the issues in question, but requires him to put forth all grounds of recovery he has. [Citations.]
>
> This principle of finality applies not only to questions which were actually litigated in the earlier proceeding, but extends also to those questions which could have been raised or determined. [Citations.] Under the doctrine of *res judicata*, a judgment in a prior suit may be conclusive as to all questions which could have been litigated in that action. [Citation.]" 143 Ill. App. 3d 188, 191-92.

In that case, plaintiff sued on a sales contract when it could have also sued on a note. It was later barred from suing on the note. Plaintiff made its choice and was held to it. Both actions were based on a common core of operating facts. 143 Ill. App. 3d 188, 192.

■ In the instant case, the cause of action is essentially the same as in the first suit. It is based on the existence of a contract and the failure to be paid thereon. The unpaid compensation is the foundation of both suits. In the first suit, the court determined liability on the contract, the amount due to plaintiff, and entered judgment. The trial court held that the judgment in the first suit estopped the plaintiff from bringing his second action. This court

may affirm the trial court's judgment on any basis which appears in the record. (*Bell v. Louisville & Nashville R.R. Co.* (1985), 106 Ill. 2d 135.) For the reasons set forth above, we conclude that the plaintiff, having elected his remedy, and the second suit being barred by the doctrine of *res judicata*, the decision of the trial court should be affirmed.

Affirmed.

NASH, J., concurs.

JUSTICE DUNN, dissenting:
I respectfully dissent. In my judgment the cases cited by the majority do not support the conclusions they have reached. Only by a process of convoluted legal reasoning may it be concluded that plaintiff Grisanzio is barred in this case by the doctrines of election of remedies and *res judicata* as held by the majority. In the first suit, the dispute giving rise to the cause of action was resolved in favor of the plaintiff, Domenic Grisanzio, and against First Edition, Inc. Grisanzio, apparently unable to collect his judgment against the corporation, commenced this action against defendants John and Elayne Bilka, asserting liability on their part by virtue of section 3.20 of the Business Corporation Act of 1983 (Ill. Rev. Stat. 1985, ch. 32, par. 3.20). John and Elayne Bilka, officers and sole shareholders of First Edition, Inc., signed the preincorporation contract which is the subject matter of both suits. Nothing in the law, or in the cases cited by the majority, required Grisanzio to join John and Elayne Bilka as defendants in his initial suit against the corporation. He was required to elect his remedies against the corporation (*Builders Plumbing Supply Co. v. Zambetta* (1986), 143 Ill. App. 3d 188, 190), but that rule of law does not preclude him from now seeking recovery from others who may also have exposure to liability on the contract.

On the issue of *res judicata*, the majority cites *C.I.S., Inc. v. Kann* (1979), 76 Ill. App. 3d 109, in support of the conclusion that the identity-of-parties criterion is satisfied in this case. *Kann* does support the modern view that the identity-of-parties criterion is satisfied so long as the party against whom collateral estoppel is sought to be invoked is identical in both actions. (76 Ill. App. 3d 109, 111). Collateral estoppel, however, is being invoked by the majority in the instant case against plaintiff Grisanzio, who prevailed in the first action. This is manifestly unjust and contrary to existing law. Grisanzio should be permitted to proceed in this case, and the doctrine of

collateral estoppel invoked, if at all, in his favor and against John and Elayne Bilka, who are the officers and sole shareholders of the defaulted corporation. The misapplication by the majority of the doctrines of election of remedies, *res judicata* and collateral estoppel is resulting in an injustice. I would reverse the trial court and remand for further proceedings.